ALFRED G. COOK, Appellant, *v.* EPHRAIM K. GREGG, Respondent.

The provisions of chapter 459, Laws of 1862, as amended by chapter 814, Laws of 1867, authorizing the seizure of animals trespassing upon private premises, are constitutional.

The act does not impose a penalty for the trespass, but simply prescribes and fixes the remedy therefor; and remedies are clearly within the peculiar province of legislation. The temporary seizure and detention of property, as authorized by the statute, awaiting judicial action, is not

violative of the provisions of Art. 1, § 6, of the Constitution, directing that no person shall be deprived of property without due process of law.

(Submitted September 14, 1871; decided November 10, 1871.)

Appeal from judgment of the General Term of the sixth judicial district, affirming a judgment entered in Madison county, upon decision of court dismissing plaintiff's complaint.

The action was brought to recover the possession of two cows, seized by defendant while trespassing upon his premises in the town of Stockbridge, Madison county. Defendant justified under chapter 814, Laws of 1867, amending chapter 459, Laws of 1862.

Defendant seized and took into his possession one cow, while trespassing on his premises, July 8th, 1868. He made complaint upon the same day; the justice issued his summons on the 10th. The second cow was also seized, trespassing, on the 10th July, and complaints made on the same day; summons issued the 13th. At the time the suit was commenced, the cows were in the possession of the constable, who held the warrants issued by the justice directing their sale, and had been advertised by him for sale under said warrants.

*M. J. Shoecraft*, for appellant. Plaintiff, having seized the cows and instituted the proceedings, if act is unconstitutional or proceedings not in compliance with it, he is liable. (23 N. Y., 264, 269, 275; 11 How., 17; 16 Barb., 309; *Mills* v. *Martin*, 19 J. R.; 15 Wend., 631; 10 Wend., 349; 8 Barb., 216; 6 Barb., 79; *Cresson* v. *Stout*, 17 J. R., 116; *Hopkins* v. *Hopkins*, 10 J. R., 369; 23 Wend., 462, 470.) Defendant must strictly comply with statute. (35 N. Y., 310; 10 J. R., 253.) Section 2 of the act of 1867 is unconstitutional. (*Rockwell* v. *Manny*, 35 N. Y., 302; *McConnell* v. *Van Arnum*, 56 Barb., 534; *Levitt* v. *Thompson*, 56 Barb., 542; 47 Barb., 562; 2 Kent's Com., 13; *Taylor* v. *Porter, et al.*, 4 Hill., 140; Sedgwick on Const. Law, 542, 587, 610, 611;

Story on Const. Law, § 1789; 1 Burrill Law. Dic., 524; *Rockville* v. *Nearing*, 35 N. Y., 305, 306.)

*S. T. Holmes*, for respondent. If any defect in proceedings existed, it should have been pointed out. (17 Wend., 142; 4 id., 278, 484; 3 Comst., 47; 2 Wait's Pr., 634; 8 id., 109; 13 id., 296; 2 Ker., 442, 486; 2 Cow. Tr., 3d ed., 454.) The act of 1862, as amended by the act of 1867, is constitutional. (18 N. Y., 200, 214, 216; 35 N. Y., 314; *Fox* v. *Dunkel*, 55 Barb., 431; *Campbell* v. *Evans*, 54 Barb., 566 [45 N. Y.]) Replevin cannot be brought to recover goods in custody of law. (14 John. R., 87; 19 id., 32; 2 Wend., 475; 15 id., 402; 1 id., 109.)

ALLEN, J. The only question presented by the record in this case, is as to the validity of the act of the legislature, under which the plaintiff's cattle were arrested, and proceedings had for their condemnation and sale.

The other points made by the appellant were not taken upon the trial, and cannot, therefore, be considered by this court.

Although the questions other than that as to the constitutionality of the law referred to in the brief of the counsel, are not in the case, it may not be improper to say, that the appellant has lost nothing, by omitting to take the objections at an earlier stage of the action. The objections are clearly untenable, and most of them frivolous.

In *Campbell* v. *Evans*, decided by this court in April, 1871, not yet reported, it was held that the act under consideration, amending the " act to prevent animals from running at large in public highways," and also creating a short bar to actions arising under the act (Laws of 1867, chapter 814), was not violative of the Constitution of this State, declaring that no person shall be deprived of life, liberty, or property, without due process of law. (Constitution, article 1, § 6.)

We then decided that the procedure provided by the act, for the judicial condemnation and sale of cattle, offending

against its provisions, by the judgment of a competent tribunal after judicial investigation, according to the accustomed forms of judicial proceedings, was "due process of law," within the meaning of the Constitution, and a full compliance with the requirements of that instrument. The act of 1867 cured the defects of the act of 1862, which were regarded as fatal in *Rockwell* v. *Nearing* (35 N. Y., 302).

A reconsideration of the question is not called for at this time; and the judgment then pronounced is decisive of the main question presented by this appeal. Whether the seizure is for an offence against the public, as for running at large in the highway, or a private wrong as for trespass upon lands is immaterial. The same procedure is given for the trial of the question involved; and the condemnation of the cattle seized in both cases; and in both, if in either, is "due process of law," within the terms, by the Constitution.

The temporary seizure and holding of the property, awaiting judicial action, is not prohibited by the Constitution.

That is not a bereaving or a divesting of the owner of his property, and is not forbidden. Property may be attached and held to be disposed of by judicial action, and judgment by such process, or by such agents without process, as the legislature may direct. But no man may be divested, stripped of his property, and the title and right of property transferred to another, except by "due process of law." There can be no "due process of law," as that term is used in the Constitution, as interpreted and defined by the courts, for the preliminary seizure and detention of property for trial, and to abide the final judgment of a court of competent jurisdiction.

That it is within the province of the legislature, to prescribe and regulate the remedies for trespass upon lands, is not questioned; and it is not in excess of legislative power, or a violation of any principle of Constitutional law, to give to the party injured a lien upon the property, whether animate or inanimate, found trespassing. This right has existed in the owner of lands from a very early period in the history of the coun-

try, from which we have inherited the common-law, and has always been recognized and allowed in this State.

A man finding beasts of another wandering on his grounds, damage feasant, that is, doing him hurt or damage by treading down his grass and the like, may, by the rules of the common-law, distrain them till satisfaction be made him. (3 Black, Comm., 7.) The proceedings upon such distress are, in this State, regulated by statute, and provision is made for a summary appraisal of the damages by the fence viewers, and an impounding and sale of beasts, or the safe keeping and sale of inanimate property for the payment of the assessed damages. (2 R. S., 517.)

The process given by the act of 1867, is a very decided improvement upon the summary proceedings under the Revised Statutes, as it gives the owner of the property the benefit of a formal trial after notice, as a condition precedent to a sale; and does not compel a resort to an action of replevin, although that remedy for an unlawful seizure and detention of his property is still open to him.

Remedies are clearly within the peculiar province of legislation, and may be changed, and made to correspond to altered circumstances and new conditions, provided constitutional restrictions and prohibitions are not invaded.

The act of 1867, does not impose a penalty in respect to animals found trespassing, and arrested in pursuance of its provisions. It does authorize a penalty, when cattle are found running at large in a public highway. The only sums that can be awarded under the act, to the owner of lands, upon which animals are found trespassing, aside from the actual damages sustained, are a reasonable compensation for keeping the animals from the time of seizure to the time of sale, and a small amount prescribed by the act for making the seizure. The statute only provides for indemnity, and it was competent to the legislature, to fix the amount to which the party should be entitled for the labor, and loss of time, in seizing the offending animals, and the amount allowed is reasonable. Every other charge upon the animals, or their

Statement of case.

owner, is for compensation to the justice and constable for official services.

The action was commenced before the sale, and the regularity of the sale, and the proceedings after the sale are not involved.

Nothing that transpired after the commencement of the action, can avail to give an action to the plaintiff. When the action was brought, the property was in the custody of the constable under lawful process, and a judgment regularly rendered, and which is still unreversed. The objection that the process was not issued by the justice, until some two days after the complaint was made, was not taken at the trial, and if it had been, it would have been unavailing.

No action was taken by the plaintiff during the suspension of the proceedings, or rather before the issuing of the summons, and the slight delay of the justice, was at no time objected to by the defendant, or claimed to have vitiated the proceedings. It certainly did not make the defendant, who complied in all respects with the act, a trespasser *ab initio*.

The judgment must be affirmed.

All concur.

Judgment affirmed.