## William P. Brayton v. Charles L. Merithew et al.

*Construction of statutes—Mortgage of subsequently acquired interest—Surplusage.*

1. The Revised Statutes of 1846 constitute but one act of the Legislature, and all its correlated provisions must be construed together.

2. A widow who had a life estate in land of which her children were residuary devisees, gave a mortgage on the land. One of the children afterward died, so that as the child's heir she became entitled to a share in fee. *Held,* that as long as there were no outside equities, such as may rise with subsequent purchasers, the interest she acquired by inheritance inured in aid of the estate. How. Stat. § 8506.

3. How. Stat. § 8506, in declaring that a deed of mortgage shall vest in the grantee all the interest which the mortgager had at the time of executing the mortgage, *or at any time thereafter,* does not enlarge any estate definitely limited in the mortgage, but as between original parties may bind a subsequently acquired interest.

4. The mere addition of the title "guardian" to the name of a mortgager will not of itself invalidate the mortgage where it is manifestly not the purpose in giving it to act as guardian.

Appeal from Ionia. (V. H. Smith, J.) Jan. 21–22.— Jan. 28.

Foreclosure bill. Complainant appeals. Reversed.

*Lemuel Clute* for appellant.

*S. L. Kilbourne* and *Wilson & Trowbridge* for defendants. A wife joining with her husband in a deed of his land is presumed to release merely her right of dower, and is not estopped from claiming title to the land under a mortgage held by her: 2 Jones Mortg. 1483 ; *Van Amburgh v. Kramer* 16 Hun 205 ; *Wright v. De Groff* 14 Mich. 164 ; *Kitchell v. Mudget* 37 Mich. 81 ; in the absence of express covenants a mortgager may show what his interest was in the land at the time of the delivery of the mortgage, and the mortgage will be operative only as to such interest : 2 Jones on Mortgages § 1483 ; *Nat'l Fire Ins. Co. v. McKay* 1 Sheldon (N. Y.) 138 ; *Bird v. Davis* 14 N. J. Eq. 467 ; *Smith v De*

*Russy* 29 N. J. Eq. 407; *McClure v. Holbrook* 39 Mich.
42; *Brown v. Phillips* 40 Mich. 270; *Sands v. Davis* 40
Mich. 19; *Douglas v. Cruger* 80 N. Y. 15; How. Stat. §
5654; *Sparrow v. Kingman* 1 Comst. 242; there can be no
distinction, in principle or reason, between a deed without
covenants and a mortgage without covenants, as to making
them cover subsequently acquired title: Rawle on Covenants,
§§ 561, 582, 409; 1 Jones Mortg., 679; *Tefft v. Munson* 57
N. Y. 97; *Jackson v. Winslow* 9 Cow. 18; *Jackson v. Brad-
ford* 4 Wend. 622; *Lincoln v. Emerson* 108 Mass. 87;
*White v. Patten* 24 Pick. 324; *Milton v. Ewing* 6 Cush.
34; *Pike v. Galvin* 29 Me. 183; *Loomis v. Pingree* 43
Me. 314; *Kinsman v. Loomis* 11 Ohio 475; *Cross v. Robin-
son* 21 Conn. 379; *Young v. Dowling* 15 Ill. 481; *San
Francisco v. Lawton* 18 Cal. 465; *Clark v. Baker* 14 Cal.
612; in Illinois the common law rule prevails that a mort-
gage must contain covenants of warranty in order to make a
subsequently acquired title inure to the mortgagee's benefit:
*Riggy v. Cook* 9 Ill. 336; *Gochenour v. Mowry* 33 Ill. 333;
*Frink v. Darst* 14 Ill. 304.

CAMPBELL, J. Brayton holds a mortgage made by Ann
Merithew in 1876. She was widow of Moses Merithew who
owned the land in question. By his will she was given a
life-estate in the land, and the fee was left to her four chil-
dren, one of whom died during the mother's life, and the
others are defendants together with Tuttle, the mother's ad-
ministrator. Ann Merithew became entitled to a share in
fee as one of the heirs of her deceased daughter.

The mortgage in question was made before the death of
this daughter. It describes her as Ann Merithew, guardian
of Moses Merithew's children, and is signed "ANN MERI-
THEW, Guardian." It does not purport to be made by virtue
of any authority vested in her as guardian, and does not
name the children, and does not purport to cover their inter-
est. It is claimed by defendants that it does not cover her
after-acquired inheritance, and that it is no longer valid.

At common law it can hardly be doubted that as against
her and her estate, such a mortgage, with positive words of
grant of the entire land, would cover any subsequent inherit-
ance that came within the interest purporting to be conveyed.

But it is insisted that in the absence of warranty our statutes do not imply grants of any but present estates, and section 5655 provides that no covenant shall be implied in a conveyance. The next section (5656), which would apparently be superfluous if this covers all mortgages, declares that a covenant of payment shall not be implied in a mortgage. Still such a policy seems so plainly marked out that it would be difficult to hold a mortgage subject to implied covenants if this were all that the statutes said on the subject. And in *Brown v. Phillips* 40 Mich. 264, although upon the facts in that case no subsequent title inured except subject to purchase-money mortgages, the general policy of our statutes was somewhat referred to as favoring the rejection of implications.

But in the present case, not only does the mortgage purport to cover an entire estate, but the controversy is not with subsequent purchasers, but directly with the estate of the mortgagor. It is therefore relieved from outside equities.

The Revised Statutes constitute but one act of the Legislature, and all provisions must stand together. In the statute which provides for mortgage foreclosures it is expressly declared that the deed shall vest in the grantee all the interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter. § 8506. This language is not ambiguous, and it conforms to what was the law before these statutes were enacted. Such language would not enlarge any estate definitely limited in the mortgage, but it certainly would be difficult to find any sufficient reason for disregarding it as applied to such an estate as is set forth.

We have made some search to discover where this language came from, but it is not found in our older Revisions or in the New York statutes from which much of our foreclosure practice has been borrowed. Whether it originated in our own Legislature we cannot from any light thus far given us determine. But its meaning is quite definite and the language is well chosen to express a doctrine that has been asserted as reasonable, and is laid down by Mr. Jones

in his treatise on Mortgages in § 679, although some of his citations relate to covenants. We have found no decisions referring to any statute like ours, and must act on the statute alone. We think the subsequent estate enured in aid of the mortgage.

The mortgage contains nothing which would confine it to an attempt to act as guardian. It contains none of the proper statements or references which would give it such an operation. The language should not be given an overbroad construction for the mere purpose of making the instrument void. The note which it secures, which is signed in the same way has become fixed as a charge on the mortgagor's estate, and both are properly so applicable.

Upon the question of interest, it appears that it was paid on the whole $300, and upon the installment in arrears to April 28, 1877. On the 1st of April 1882 there was due of principal $300, and of interest $149. There was paid on that day $132, leaving the amount of principal and interest unpaid $317. Interest on $300 to January 28, 1885, would be $84.75, making the balance $401.75.

The decree below must be reversed and a decree granted for this balance with costs against the land but not personally.

The other Justices concurred.