THE AMERICAN BANK, Appellant, *v.* EDITH O. GOSS, Respondent.

Statutes — construction — statute adopting and incorporating another statute thereby adopts subsequent amendments thereto — Code Civil Procedure, a single and entire statute composed of many sections or subdivisions — service of summons without state without order of publication, in case specified in Code of Civil Procedure, § 438 — attachment — when such service may be made where action is commenced by attachment.

1. Ordinarily an independent statute absorbing or incorporating by proper reference the provisions of another and independent statute would not be affected by amendments made to the latter after incorporation. On the other hand, if one section or provision of a statute adopts and incorporates by reference the provisions of another section or subdivision of the same statute, a subsequent amendment of the latter will be regarded as affecting the entire statute including the subdivision which made the adoption. In such a case the entire statute will be regarded as re-enacted at the time of the last amendment and all of its provisions will be affected by the latter.

2. The Code of Civil Procedure, for the purposes of this decision, is to be regarded as a single statute composed of many sections. This is the legislative idea and the same view has been adopted by the court. (*Comey* v. *United Surety Co.*, 217 N. Y. 268, 276.) Hence, one section of the Code, adopting as part of itself the provisions of another section, will include and be affected by amendments of the adopted section made after the adoption occurred.

3. Section 438 of the Code of Civil Procedure provided, prior to 1920, that "An order directing the service of a summons upon a defendant, by publication may be made " in certain enumerated cases. While the section thus read, section 443, relating to service of a summons without the state, was amended so as to provide, in subdivision 3, that "in the cases specified in subdivision 5 of section 438 the summons may be served without an order, upon a defendant without the state in the same manner as if such service were made within the state, except that a copy of the complaint shall be annexed to and served with the summons." In 1920 and subsequent to the adoption by section 443 of subdivision 5 of section 438, said subdivision 5 was amended by adding thereto the words " or where it appears by affidavit that a warrant of attachment granted in the action, has been levied upon the property of the defendant within the state." It follows, therefore, that, although subdivision 5 of section 438, when incorporated into section 443, did not authorize service of summons in the last specified actions, without the state, without an order of publication, yet when the amendment of 1920 was adopted provision for such service without such order was clearly and unmistakably made. This resulted in a repeal or modification of the theretofore obligatory requirements of section 438. Hence, where an action was brought, after the enactment of this amendment, to recover a sum of money only and in it a warrant of attachment was issued and levied upon the property of the defendant, and the service of the summons and complaint in such action was made upon the defendant without any order for service by publication, such service is sufficient.

4. It is contended that, in order to make valid the service of a summons without the state, without an order of publication, where a warrant of attachment has been levied upon the property of the defendant within the state, the affidavit showing such fact must be made and presented before the summons is served and that that only could be done in case an order of publication was being obtained and that, therefore, the requirement for an order of publication could not have been abolished by the 1920 amendment to subdivision 5 of section 438. This is untenable; no time for making, filing or serving this affidavit is specified and the requirement can be complied with by filing the affidavit as part of the judgment roll based upon service

of the summons without the state, and when so filed as part of the judgment roll it will authorize and justify a judgment entered upon such service, and where, as in this case, a warrant of attachment had been granted and levied upon the property of the defendant within the state and this fact was made to appear both by the certificate of the sheriff and also by the affidavit of the appraisers, the fact that the warrant had been issued and property seized thereunder was sufficiently indicated.

5. A contention that unless the affidavit specified in the statute is served with the summons outside the state the defendant would not receive such notice of the attachment as constitutionally he would be entitled to is not tenable.

*American Bank* v. *Goss*, 204 App. Div. 759, reversed.

(Argued October 1, 1923; decided November 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1923, which reversed an order of Special Term denying a motion to vacate and set aside a judgment entered by default and granted said motion.

The following questions were certified:

" 1. In an action instituted against a non-resident by the issuance of a warrant of attachment on February 26, 1921, and the levy of said attachment upon the defendant's property within this state on or before March 4, 1921, and the due filing of a sheriff's certificate of such levy, is personal service, after the making of the levy and the filing of the certificate and within thirty days after the issuance of the warrant of attachment, of the summons and verified complaint attached without the state, without obtaining an order for service by publication, valid service so as to authorize the entry of a judgment upon the defendant's default in appearing or answering?

" 2. Personal service of the summons with verified complaint attached having been made upon the defendant without the state within the period of thirty days

after February 26, 1921, is the defendant upon the record in this case entitled, as a matter of law, to have the judgment heretofore entered herein vacated? "

*John A. McManus* and *Charles L. Cole* for appellant. The Code of Civil Procedure is to be construed as one statute and not as a series of statutes. (*Morgan* v. *Hedstrom,* 164 N. Y. 224; *Schramberg* v. *Whitman,* 75 Misc. Rep. 215; *Ely* v. *Holton,* 15 N. Y. 595; *Curtis* v. *Williams,* 3 Dem. 63.) The Code of Civil Procedure, section 443, subdivision 3, should be construed in connection with section 438, subdivision 5, so as to authorize service without the state without an order of publication where the attachment has been levied on the defendant's property within the state. (*Ontario Bank* v. *Bonnell,* 10 Wend. 186; *People ex rel. Mason* v. *McClave,* 99 N. Y. 83; *Rogers* v. *United States,* 185 U. S. 83; *People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360; *State ex rel. Smith* v. *Parker,* 12 Wash. 685; *People ex rel. Parr* v. *Parr,* 121 N. Y. 679; *Matter of Main Street,* 98 N. Y. 454; *Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *People* v. *Damron,* 160 App. Div. 424; *Carling* v. *Purcell,* 3 Misc. Rep. 55.) The order of publication was not necessary in this case and hence the filing of an affidavit was not essential to serve personally without the state. (Code Civ. Pro. §§ 438–443.)

*Louis C. White* and *Percy L. Klock* for respondent. The service of the summons herein upon the defendant in the state of New Jersey, without an order of publication, having been obtained and the judgment entered thereon upon default of the defendant in appearing, are void for want of jurisdiction. (Civ. Pr. Act, § 905; *Carling* v. *Purcell,* 3 Misc. Rep. 55; Suth. on Stat. Const. [2d ed.] 787, § 405; Endlich Interp. Stat. § 492; *Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *Matter of Main Street, Sing Sing,* 98 N. Y. 454; *People* v. *Damron,* 160 App. Div. 424; *Matter of Chester Rolling Mills,* 62 Hun, 263; 133 N. Y.

694; *Pennoyer* v. *Neff*, 95 U. S. 714; *Dimmerling* v. *Andrews*, 236 N. Y. 43.)

Hiscock, Ch. J. This action was brought to recover a sum of money only and in it a warrant of attachment was issued and levied upon the property of the defendant. Based upon these features, service of the summons and complaint was made upon the defendant without the state and without any order for service by publication. The defendant seeking by her motion to set aside such service as invalid because no order for service was obtained has presented for our consideration several questions.

The most important of these is the one whether a section of the Code of Civil Procedure adopting as part of itself the provisions of another section will include and be affected by amendments of the adopted section made after the adoption occurred. This question arises in connection with sections 438 and 443 of the Code. Section 438 being entitled " Cases in which service of summons by publication, etc., may be ordered " provided, prior to 1920, that " an order directing the service of a summons upon a defendant, by publication, may be made in either of the following cases:   *   *   *

" 5. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property." While the section thus read section 443 relating to service of a summons without the state was amended so as to provide in subdivision 3 " In the cases specified in subdivision 5 of section 438 (just quoted) the summons may be served *without an order,* upon a defendant without the state in the same manner as if such service were made within the state, except that a copy of the complaint shall be annexed to and served with the summons."

1923.]          Opinion, per HISCOCK, Ch. J.          [236 N. Y. 488]

In 1920 and subsequent to the adoption by section 443 of subdivision 5 of section 438 and before the service of the summons in this action, said subdivision 5 of section 438 was amended by adding thereto the words " or where it appears by affidavit that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the state." Thus it is seen that at the time of its incorporation into section 443, subdivision 5 of section 438 did not by such incorporation authorize service of summons in this action without the state without an order of publication and that, on the contrary and subject to consideration of other questions hereafter to be made, if section 443 is to be regarded as including amendments made to section 438 after its adoption, service without an order of publication was proper at the time this summons was served.

We shall assume that the general rule is as claimed by the respondent and that ordinarily an independent statute absorbing or incorporating by proper reference the provisions of another and independent statute would not be affected by amendments made to the latter after the incorporation. On the other hand, we think it must be equally clear that if one section or provision of a statute adopts and incorporates by reference the provisions of another section or subdivision of the same statute, a subsequent amendment of the latter will be regarded as affecting the entire statute including the subdivision which made the adoption. In such a case the entire statute will be regarded as re-enacted at the time of the last amendment and all of its provisions will be affected by the latter. (*Lyon* v. *Manhattan Ry. Co.*, 142 N. Y. 298, 303; *Blair* v. *City of Chicago*, 201 U. S. 400, 475; *State* v. *Moon*, 178 N. C. 715, 716; *Walsh* v. *State*, 142 Ind. 357, 363.)

We thus come to the ultimate question in this connection whether the Code of Civil Procedure for the purposes now under consideration is to be regarded as a

single statute composed of many sections or whether each section is to be regarded as a separate and distinct statutory enactment. It seems. to us that there can be little doubt of the answer which must be made to this question. As is well known the Code as originally adopted consisted of two parts, the first thirteen chapters being enacted as a single act by chapter 448 of the Laws .of 1876 and chapters 14 to 22 being similarly enacted by chapter 178 of the Laws of 1880, and it was provided by section 3355 of the Code itself that " For the purpose of determining the effect of the different provisions of this act with respect to each other, they are deemed to have been enacted simultaneously." As somewhat interpretative of the intent of the legislature it is to be observed that the title consistently given to subsequent amendatory acts has. been " An act to amend the Code of Civil Procedure " rather than an act to amend some particular section thereof and that section 1577 of the Civil Practice Act in repealing the Code provides that certain chapters of the Laws of 1876 and 1880 " and all statutes amendatory thereof and supplementary thereof *which constituted the Code of Civil Procedure* are hereby repealed," thus indicating the legislative idea that the Code was a single entire statute composed of many sections or subdivisions. This same view was adopted by this court in *Comey* v. *United Surety Co.* (217 N. Y. 268, 276), where we said in speaking of the Code: " The exceptions established in 1888 must, of course, vary automatically with the changes of section 432 " subsequently made. (See, also, *Matter of Humfreville,* 154 N. Y. 115; *Central of Ga. Ry. Co.* v. *State,* 104 Ga. 831; *Gibbons* v. *Brittenum,* 56 Miss. 232, 241; *State, Brayton* v. *Merithew,* 56 Mich. 166; *First Nat. Bank* v. *Holland,* 99 Va. 495, 504; Black on Interpretation of Statutes [2d ed.], p. 587.)

We also think that the argument of practical convenience urgently demands this view and that if not adopted there must result much confusion in the inter-

pretation of the Code and of its successor, the Civil Practice Act. Taking the present case as an illustration it would be requiring a good deal of the courts and the bar if on a consideration of sections 443 and 438 in 1921, finding that service of the summons without the state was permissible as those sections then read without an order of publication, they were then compelled to trace the history of the two sections and of their various amendments for the purpose of ascertaining whether some one of the cases enumerated in subdivision 5 of section 438 had been specified before the adoption by section 443 of that subdivision or had been subsequently added.

Adopting the view which we have, we think that the service made of the summons in this case without an order of publication was sufficient. Prior to the adoption of the amendment to subdivision 5 of section 438 already referred to service of the summons under an order of publication would have been necessary. (Code, sec. 638.) But when the amendment of 1920 was adopted provision for such service without such order was clearly and unmistakably made. This resulted in a repeal or modification of the theretofore obligatory requirements of section 438.

Then coming to other considerations urged by respondent we do not think that any argument against the sufficiency of the service of the summons can be based upon the provision as it now stands that where service of the summons is made without the state without an order of publication it must appear by affidavit that a warrant of attachment granted in the action has been levied upon property of the defendant within the state. By reference to the practice and requirements before this amendment of 1920 was adopted it is argued that this affidavit must be made and presented before the summons is served and that that only could be done in case an order of publication was being obtained and that, therefore, the legislature could not have intended to abolish

the requirement for an order of publication. We do not take this view of this requirement of the statute. No time for making, filing or serving this affidavit is specified and we think that this requirement can be complied with by filing the affidavit as part of the judgment roll based upon service of the summons without the state and that when so filed as part of the judgment roll it will authorize and justify a judgment entered upon such service. The fact that in this case a warrant of attachment had been granted and levied upon the property of the defendant within the state was made to appear both by the certificate of the sheriff, such official certificate ordinarily being equivalent to an affidavit, and also by the affidavit of the appraisers, which indicated that such a warrant had been issued and property seized thereunder.

It is in substance suggested rather than seriously argued that unless the affidavit specified in the statute is served with the summons outside the state the defendant would not receive such notice of the attachment as constitutionally he would be entitled to. We think there is nothing in this. The attachment is a provisional remedy in the action and proceedings under it must abide the result of such action. Presumably a defendant would learn whether a levy under the attachment upon his property had been made and be fully advised in respect thereto. But independent of this he would not be deprived of his property under such a levy unless judgment in the action was finally recovered against him and it would always be open to him by attacking the jurisdiction of such judgment to bring in question the validity of the warrant of attachment and secure relief from a levy thereunder if he was entitled thereto. There is nothing unconstitutional about this. (*Cook* v. *Gregg,* 46 N. Y. 439.)

Therefore, the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division and, of the

questions certified to us, the first one should be answered in the affirmative and the second one in the negative.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.