THE PEOPLE OF THE STATE OF NEW YORK ex rel. IRVING P. WIENER, Respondent, v. ROBERT BARR, as Warden of the City Prison of the City of New York, Defendant.*

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, April 13, 1928.

Habeas corpus — when writ does not lie — relator was arrested and charged with violating Penal Law, § 1712, and writ was not sued out until after information was filed — charge against relator is that he held stake on prize fight — legalizing prize fights (Laws of 1920, chap. 912, as amd.) did not legalize betting — writ of habeas corpus does not lie after information filed.

The relator was arrested on a charge of violating section 1712 of the Penal Law, in that he held a stake on a prize fight. The contention of the relator that chapter 912 of the Laws of, 1920, as amended, which legalized prize fights under certain conditions, had the effect of likewise legalizing betting, and

---

* Revg. 131 Misc. 80; affd. 248 N. Y. 601.

thereby overcoming the provisions contained in section 1712 of the Penal Law, cannot be sustained.

Furthermore, since an information had been filed against the relator before the writ was sued out, the writ must be dismissed and the relator remanded.

APPEAL by the People of the State of New York from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 1st day of November, 1927.

*Robert Daru* of counsel [*Joab H. Banton, District Attorney*], for the appellant.

*John Caldwell Myers* of counsel [*Benjamin F. Schreiber* and *John F. Keating* with him on the brief], for the respondent.

McAVOY, J. The relator here was released from custody on a writ of habeas corpus after his arrest charged with a violation of section 1712 of the Penal Law. This section defines as a crime the holding of money staked or wagered upon the result of a prize fight. Relator had several hearings before the magistrate and afterward the magistrate held him and an information was filed in the Court of Special Sessions charging the defendant with a violation of the above-mentioned section of the Penal Law. Relator was subsequently admitted to bail in the sum of twenty-five dollars and thereafter surrendered himself to the warden of the City Prison and then procured a writ of habeas corpus to inquire into his detention. On this writ as aforesaid he was discharged.

The district attorney contends that the writ of habeas corpus does not lie and that the defendant should be relegated to the court in which the information was pending for any relief to which he may be entitled, upon the ground that after an indictment is returned or an information filed, the court in which the indictment or information is pending has jurisdiction and, therefore, the habeas corpus is ineffectual to effect a discharge.

Respondent's contention is that section 1712 of the Penal Law, making it a misdemeanor to hold a stake on a prize fight, relates to the holding of such a stake upon a prohibited or unlawful prize fight, and since chapter 912 of the Laws of 1920, as amended by chapter 714 of the Laws of 1921 and chapter 353 of the Laws of 1923, known as the Walker Law, makes it lawful to hold a prize fight under a license granted by the State Athletic Commission, it is no longer a misdemeanor to hold a stake on " such a fight " so held. The fight on which the wager was laid is conceded to have been held under a license duly granted by the State Athletic Commission and respondent's contention is that because prize fighting is legalized, betting thereon was legalized by omission to take the word " such " out of section 1712 wherein it refers to section 1710. The section provides in effect that

any stake or wager upon " such a fight " is prohibited, and the argument runs that the word " such " refers to a prohibited prize fight, and since this fight was not prohibited by law, the wager or stake held thereon was permissible.

The learned court below held that the so-called wager upon a fight or sparring exhibition held pursuant to a license granted by the State Athletic Commission was legal, and that, therefore, no crime was charged in the information and the court had no jurisdiction and thus the writ of habeas corpus was properly issued and should be sustained.

These conclusions in our view are unsound. If the Legislature intended to legalize betting on prize fights, it would have mentioned such intent specifically and not have left that result to be merely conjectured out of the use of the relative word " such." It was the object of the law to make it a misdemeanor to bet upon a fight. It was also originally the object of the law to make the fight a misdemeanor. When the Walker Law permitted fights under proper regulation, it did not go to the extent of permitting a wager or stake to be held on a fight where the fight was held under license. This permission runs only for the holding of exhibitions of sparring or fighting. It does not go to the extent of legalizing betting or stake holding, and if it did, it would probably be in violation of the Constitution. (N. Y. Const. art. 1, § 9.)

We think that in any event the questions of law and of fact as to whether or not such a fight was one upon which a stake or wager might be laid, are purely matters for the trial court's determination and the issuance of the writ was, as thus indicated, improper.

The order should, therefore, be reversed, the writ dismissed, and the relator remanded for trial.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, the writ dismissed and the relator remanded to custody.