JAMES J. McHUGH, as President of GOOD SHEPHERD ATHLETIC CLUB, Appellant, *v.* EDWARD P. MULROONEY, Individually, and as Police Commissioner of the City of New York, et al., Respondents.

(Submitted January 5, 1932: decided February 9, 1932.)

*Jeremiah T. Mahoney* for appellant, and Metropolitan Association of Amateur Athletic Union of the United States of America, *amicus curiæ.* Under chapter 912 of the Laws of 1920 and chapter 714 of the Laws of 1921 it is not a misdemeanor or an offense to conduct boxing bouts where all the contestants are amateurs. (*Sullivan* v. *State*, 67 Miss. 346; *Whitaker* v. *Masterton*, 106 N. Y. 277; *People* v. *Weinstock*, 193 N. Y. 481; *Burks* v. *Bosso*, 180 N. Y. 341; *People* v. *Phyfe*, 136 N. Y. 554; *Central Nat. Bank* v. *Stevens*, 169 U. S. 432; *State* v. *North American Land Co.*, 106 La. 621.) The State Athletic Commission has no jurisdiction over boxers and wrestlers or boxing and wrestling exhibitions where all contestants are amateurs, even though an admission fee is charged. (*City Island Athletic Club, Inc.,* v. *Mulrooney*, 141 Misc. Rep. 733.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly and Henry J. Shields of counsel), for respondents.* By section 28 of chapter 912 of the Laws of 1920, the penal consequences of section 1710 of the Penal Law are tolled by the amateurism of the contestants, but the acts forbidden by that section are not thereby approved or removed from regulation. (*People ex rel. Wiener v. Barr*, 223 App. Div. 310; 248 N. Y. 601.) Sections 3, 6 and 7 of chapter 912 of the Laws of 1920 very plainly require the procurement of a license to hold any boxing match or exhibition where an admission fee is received. (*City Island Athletic Club, Inc., v. Mulrooney*, 141 Misc. Rep. 733; *Fitzsimmons v. New York State Athletic Comm.*, 146 N. Y. Supp. 117; 162 App. Div. 904.)

*John J. Bennett, Jr., Attorney-General (Robert P. Beyer and Peter J. Brancato of counsel), for New York State Athletic Commission, amicus curiæ.* The holding of boxing or sparring exhibitions, to which the public is charged admission, is illegal unless licensed by the New York State Athletic Commission, even though the contestants be amateurs. (Penal Law, § 1710; *Fitzsimmons v. New York State Athletic Comm.*, 146 N. Y. Supp. 117; 162 App. Div. 904; *People v. Finucane*, 80 App. Div. 407.)

CRANE, J. By chapter 714 of the Laws of 1921 the State Athletic Commission was continued and given certain jurisdiction, which has been questioned in this case. For the past ten years the Commission, as we are informed, attempted to exercise no control over amateur bouts or boxing matches, to which an admission fee was to be charged. Last year its policy changed, and it now insists that all such exhibitions must be licensed, pursuant to the provisions of the law. An application to enjoin the police from interference with such matches has been denied by the lower courts. Whatever powers are possessed by the Commission must be found in this New

York State Boxing Law, and we must confess that its terms are none too clear.

The only boxing matches permitted before 1920 were amateur bouts, to which no admission fee was charged. Section 1710 of the Penal Law made this plain. It reads: "A person who, within this state, engages in, instigates, aids, encourages or does any act to further a contention, or fight, without weapons, between two or more persons, or a fight commonly called a ring or prize-fight, either within or without the state, or who engages in a public or private sparring exhibition, with or without gloves, within the state, at *which an admission fee is charged or received,* either directly or indirectly, * * * is guilty of a misdemeanor."

Chapter 714 of the Laws of 1921, known as the New York State Boxing Law, materially modified this section. That law provides for the appointment of a Commission, four deputies, who are to be present at each place where matches are to be held, and also provides a license committee, to consist of three persons. Section 3 in part reads as follows: " Boxing, sparring and wrestling matches or exhibitions for prizes or purses, or where an admission fee is received, are hereby allowed except on Sundays." They were unlawful under the Penal Law; now by this act they are permitted. Continuing, the provisions are: " The commission shall have and hereby is vested with the sole direction, management, control and jurisdiction over all such boxing, sparring and wrestling matches or exhibitions to be conducted, held or given within the state of New York, and no such boxing, sparring or wrestling match or exhibition shall be conducted, held or given within the state except in accordance with the provisions of this act. The commission shall issue under its hand and seal, annual permits in writing for holding such boxing, sparring or wrestling matches, but only to corporations thereunto duly licensed, as hereinafter provided."

The jurisdiction of the license committee is stated in section 6, as follows: " The license committee is hereby given the sole control, authority and jurisdiction over all licenses to hold boxing, sparring or wrestling matches or exhibitions for prizes or purses or where an admission fee is received, and over all licenses to any and all persons who participate in such boxing, sparring or wrestling matches or exhibitions, as hereinafter provided."

The law then enacts that corporations, physicians, referees, judges, professional boxers, professional wrestlers, managers, trainers and seconds shall be licensed by the license committee. A professional boxer is one who competes for a money prize or teaches or who practices boxing as a means of obtaining a livelihood or pecuniary gain. Regulations are enacted for the conduct of all matches and exhibitions and the qualification of all contestants.

Up to this point this law apparently gives jurisdiction to the Commission and the license committee of all boxing matches to which an admission fee is charged, whether it be a professional match or one between amateurs. Then follows section 27, stating when boxing will be a misdemeanor: "Any person who directly or indirectly holds any such boxing, sparring or wrestling match or contest *except where all contestants are amateurs* without first having procured a license as hereinbefore prescribed shall be guilty of a misdemeanor.

" § 28. Certain provisions of penal law inapplicable. The provisions of section seventeen hundred and ten of the penal law shall not apply to any boxing, sparring or wrestling match or exhibition, conducted, held or given, pursuant to the provisions of this act, nor to any boxing, sparring or wrestling match or exhibition *in which all the contestants are amateurs.*"

Section 27 by indirection states that where all contestants are amateurs, no license is required. Nothing is said about an admission fee. If the contestants are

amateurs they do not require a license under section 27, even though an admission fee be charged. This is made quite clear when the word " amateurs " is again used in section 28. There it is stated that section 1710 of the Penal Law does not apply to any boxing match in which all the contestants are amateurs. This section of the Penal Law only applied to boxing matches when an admission fee was charged. Boxing matches between amateurs where no admission fee was charged were not illegal under the Penal Law. Therefore, when the Penal Law, which only referred to boxing matches to which an admission fee was charged, is rendered inapplicable to amateur bouts, it must of necessity refer to such exhibitions having an entrance fee. The word " amateurs " in both these sections 27 and 28 must be given the same meaning. Therefore, contests between amateurs having an admission fee need not be licensed, and they are not unlawful.

This being so, the police have no right to interfere with such matches unless they become disorderly or a nuisance under some other provision of the law. These latter provisions in section 27 and section 28 are so clear and positive that we are not justified in taking away their meaning by any forced interpretation to accomplish what has been argued to be the beneficial purposes and intent of the boxing law. If the Legislature intends to make amateur exhibitions, to which an admission fee is charged, subject to the control and regulation of the State Athletic Commission and to all the provisions of the act, it must do so in clearer language than has been used in the present law.

The order of the Appellate Division and that of the Special Term should be reversed and the motion for an injunction granted, without costs, and the questions certified answered as follows: first and third in the negative; second and fourth not answered.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.