THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL SOLOMON and FRANK SILINSKY, Appellants.

First Department, March 10, 1944.

*I. Maurice Wormser* of counsel (*Arnold Cohen* with him on the brief; *Buitenkant & Cohen,* attorneys), for appellant Samuel Solomon.

*David P. Siegel* for appellant Frank Silinsky.

*Richard G. Denzer* of counsel (*Stanley H. Fuld* and *Alan J. Elliot* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

CALLAHAN, J. The judgment of conviction of defendant Frank Silinsky should be reversed, the information dismissed and said defendant discharged from custody, upon the ground that the guilt of said defendant was not established beyond a reasonable doubt as to either crime charged.

The judgment of conviction of defendant Samuel Solomon should be reversed and a new trial ordered as to the charge of violating section 1712 of the Penal Law. The guilt of said defendant was not established beyond a reasonable doubt as to the charge of violating section 986 of the Penal Law, and that count of the information should have been and is now dismissed. Assuming that the evidence adduced was sufficient to establish, *prima facie,* a violation of section 1712 of the Penal

Law, the receipt of People's Exhibit 2 constituted prejudicial error requiring a new trial. This exhibit could have no relevancy except as to the charge of violating section 986 of the Penal Law, and even as to that charge it was incompetent for it did not appear that the document related to transactions involving bets or wagers.

UNTERMYER, J. (concurring in result). I concur in the reversal of the judgment of conviction and the dismissal of the information against the defendant Silinsky on the ground that the crimes charged are not sustained by any evidence.

As to the defendant Solomon I concur in the reversal of the judgment and the dismissal of the second count contained in the information upon the ground that the charge of maintaining a room for the purpose of gambling is not sustained by any competent proof. I am of opinion, however, that the first count of the information should also be dismissed upon the ground that the evidence does not disclose any violation of section 1712 of the Penal Law and that our decision in *People ex rel. Wiener* v. *Barr* (223 App. Div. 310, affirmed on other grounds in 248 N. Y. 601) to the extent that it holds otherwise, should be overruled. For that reason only I concur in the reversal of the judgment of conviction on the first count of the information and the granting of a new trial.

MARTIN, P. J., DORE and COHN, JJ., concur with CALLAHAN, J., as to defendant Frank Silinsky; COHN, J., concurs as to defendant Samuel Solomon; UNTERMYER, J., concurs in result as to both defendants in separate opinion; MARTIN, P. J., and DORE, J., dissent as to defendant Solomon and vote to affirm the judgment as to said defendant.

Judgment of conviction of defendant Frank Silinsky reversed, the information as to him dismissed and said defendant discharged from custody.

Judgment of conviction of defendant Samuel Solomon reversed and a new trial ordered as to the charge of violating section 1712 of the Penal Law, and the count of the information charging him with violation of section 986 of the Penal Law dismissed.