THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL SOLOMON, Appellant.

Argued January 7, 1947; decided February 27, 1947.

*1. Maurice Wormser* and *Arnold Cohen* for appellant.
I. Defendant did not violate section 1712 of the Penal Law, which forbids betting upon a fight, because the provisions of that section must be limited to unlicensed prize fights which are prohibited by section 1710 and not legalized under the Walker Law. (L. 1920, ch. 912, as amd.)  II. Section 1712 of the Penal Law is discriminatory class legislation and is unconstitutional. (*People* v. *Griswold,* 213 N. Y. 92; *People* v. *Ringe,* 197 N. Y. 143; *Lawton* v. *Steele,* 152 U. S. 133; *Welsh v. Swasey,* 214 U. S. 91.)

*Frank S. Hogan,* District Attorney, New York County (*Richard G. Denzer* and *Whitman Knapp* of counsel), for respondent.  I. Section 1712 of the Penal Law encompasses betting upon any prize fight, irrespective of the legality or illegality of the fight itself.  (*People ex rel. Wiener* v. *Barr,* 223 App. Div. 310; *People* v. *Dwyer,* 215 N. Y. 46; *Peterson* v. *Martino,* 210 N. Y. 412; *Hankins* v. *Mayor,* 64 N. Y. 18; *United States* v. *Burroughs,* 289 U. S. 159; *Matter of Cole,* 235 N. Y. 48; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24.)  II. Section 1712 is not unconstitutional.  (*People* v. *Marra,* 262 App. Div. 1039; *Ex parte Tuttle,* 91 Cal. 589; *State* v. *Stripling,* 113 Ala. 120.)

LOUGHRAN, Ch. J.  After trial in the Court of Special Sessions of the City of New York, the defendant was convicted of betting on a prize fight contrary to section 1712 of the Penal Law.  The Appellate Division affirmed.  One of the justices dissented and gave leave to the defendant to present the case to us.  The fundamental question is one of statutory construction.

Prior to 1920, " *Prize-Fighting and Sparring* " were regulated in this State solely by article 164 of the Penal Law.  The relevant provisions thereof are these: " A person who * * * engages in, instigates, aids, encourages or does any act to further a contention, or fight, without weapons, between two

or more persons, or a fight commonly called a ring or prize-fight, * * * or who engages in a public or private sparring exhibition, with or without gloves, * * * at which an admission fee is charged or received * * * is guilty of a misdemeanor." (§ 1710.) " A person who bets, stakes, or wagers money or other property, upon the result of such a fight or encounter, or who holds or undertakes to hold money or other property so staked or wagered, to be delivered to or for the benefit of the winner thereof, is guilty of a misdemeanor." (§ 1712.)

Since 1920, boxing and sparring matches or exhibitions have been allowed in this State within limits fixed by the Legislature (L. 1920, ch. 912, § 3; Unconsolidated Laws, tit. 25, ch. 1, § 9103). The cited statutes are popularly known as the Walker Law. From the time of its enactment, that legislation has said this: " The provisions of section seventeen hundred and ten of the penal law shall not apply to any boxing or sparring match or exhibition, conducted, held or given, pursuant to the provisions of this act ". (L. 1920, ch. 912, § 28. See now Unconsolidated Laws, tit. 25, ch. 1, § 9131 [L. 1933, ch. 625, § 5].) The prize fight here in question was sanctioned by the Walker Law, and so the above provisions of section 1710 of the Penal Law were without application to that fight.

Section 1712 of the Penal Law is firmly united with section 1710 thereof, because section 1712, as we have seen, simply outlaws betting or stakeholding " upon the result of such a fight or encounter " as is forbidden by section 1710. Indeed, section 1712 is without meaning apart from section 1710. Where one section of a statute thus attaches itself to another section thereof, a subsequent amendment of the adopted section must be read into the section that made the adoption (*American Bank* v. *Goss*, 236 N. Y. 488, 493). In effect, the Walker Law supplanted section 1710 (see *McHugh* v. *Mulrooney*, 258 N. Y. 321). Section 1712, therefore, must now be taken to have no application to prize fights that are conducted conformably to the Walker Law requirements; and, that being so, the present judgment of conviction has no warrant in the law.

In general, casual betting or gaming by individuals — as distinguished from betting or gambling as a business or profession — is not a crime in this State (see *Watts* v. *Malatesta*, 262 N. Y. 80; *Bamman* v. *Erikson*, 288 N. Y. 133; *People* v. *Gold-*

*stein,* 295 N. Y. 61). The construction we have here put upon section 1712 of the Penal Law is in keeping with that long-established legislative policy. *People ex rel. Wiener* v. *Barr* (223 App. Div. 310, affd. 248 N. Y. 601) is not authority for a contrary view, since the actual decision of that case was made and affirmed merely upon a question of procedure.

The judgments should be reversed and the information dismissed.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.