■ IRVING COHEN, Appellant, v. JOSEPH IUZZINI, Respondent.— In an action to recover upon an alleged contract to pay to plaintiff 10% of the winnings on a "twin double" wager made at Yonkers Raceway by plaintiff on defendant's selection of horses, plaintiff, by permission of this court, appeals from an order of the Appellate Term, Second Judicial Department, entered June 25, 1965, which (a) reversed an order of the Civil Court of the City of New York, Kings County, entered December 18, 1964, denying defendant's motion for summary judgment, and (b) granted the motion. Order of the Appellate Term (46 Misc 2d 855) reversed, with $10 costs and disbursements; order of the Civil Court affirmed; and judgment of the Civil Court, entered July 19, 1965, vacated. In our opinion, the papers tendered triable issues of fact. The current public policy of this State did not render illegal — as a matter of law — plaintiff's claim that a licensed betting transaction, perfected at a designated pari-mutuel track, gave rise to an agreement between the parties to divide the proceeds of a "twin double" winning ticket (*Intercontinental Hotels Corp.* v. *Golden*, 15 N Y 2d 9, 14–15). Sections 991 and 992 of the Penal Law, relating to illegal wagers, have no application to a bet executed at a recognized pari-mutuel track (*People* v. *Stein*, 280 App. Div. 176, 178). Under plaintiff's version of the facts — if believed by the trier of the facts — defendant was constituted the agent of the parties to collect the proceeds of the winning ticket and cannot breach his agency by withholding and converting plaintiff's share (*Lundstrom* v. *De Santos*, 205 Misc. 260, 262–263). In any event, the parties — so far as presently appears — were merely casual bettors and their activity as such supports no inference of law that their transaction was illegal in nature (*People* v. *Bright*, 203 N. Y. 73; *People* v. *Pack*, 179 Misc. 316; *People* v. *Caccioppo*, 270 App. Div. 904; *People* v. *Fass*, 271 App. Div. 797; *People* v. *Farone*, 308 N. Y. 305, 311; *Bamman* v. *Erickson*, 288 N. Y. 133, 136; *People* v. *Solomon*, 296 N. Y. 220, 222–223; 38 C. J. S., Gaming, § 84, p. 146). In addition, the relationship of the parties as brothers-in-law may support the enforcement of an express parol trust on the part of defendant without regard to the requirements of the Statute of Frauds (*Blanco* v. *Velez*, 295 N. Y. 224, 226). Ughetta, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Christ, J., dissents and votes to affirm the order of the Appellate Term, with the following memorandum: I agree with the Appellate Term that the alleged agreement of the parties to share in prospective winnings of a wager made by plaintiff at a race track on defendant's behalf is illegal and unenforcible. This State's Constitution prohibits any kind of gambling, lottery, pool-selling or book-making, except pari-mutuel horse betting as authorized by the Legislature (art. I, § 9, subd. 1).

The statutes and the case law set the standard that such pari-mutuel betting is to be done only by the patron who pays his admission charge to an authorized track and not on behalf of a man who pays an agent to make the bet for him (L. 1940, ch. 254, §§ 2, 6; *People* v. *Hebert,* 203 Misc. 173). To countenance such agreements would encourage "off-track" betting while the debate still continues as to whether that concept should be approved; and it would do so under the most unfavorable circumstances. There could be absolutely no supervision or regulation which would afford and secure honesty and fairness in the conduct of the operation. Any illegal "bookmaker", for example, could accept an unlimited number of bets on the street with the understanding that, if his bets at the track for his customer were successful, he would share a percentage of the proceeds. While *Intercontinental Hotels Corp.* v. *Golden* (15 N Y 2d 9), relied upon by the majority, reflects an evolving public policy that not all gambling transactions will be unenforcible in the courts of this State, that pronouncement was made with respect to an out-of-State transaction. Moreover, much discussion and analysis were there concerned with the concept that society's acceptance of gambling as a permissible form of conduct is based on the activity being licensed, regulated and supervised. Thus, *Intercontinental Hotels* (*supra*) is apposite only for the conclusion that this unsupervised intrastate transaction is illegal and unenforcible.