■ In the Matter of COUNTY OF ERIE et al., Appellants, v ROBERT F. FLACKE, as Commissioner of Environmental Conservation of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered June 5, 1980 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents that certain county expenses of carrying out environmental quality programs are ineligible for State aid under the Environmental Conservation Law. During the period of January 1, 1979 through June 30, 1979, Erie County, through its Department of Environment and Planning, expended moneys for the payment of fringe benefits, consisting of retirement, Social Security and medical insurance costs for the provision of personal services in the nature of general environmental conservation activities. The county's application for reimbursement of 50% of these fringe costs, as provided by ECL 3-0117 (subd 1) was denied by respondents pursuant to a regulation of the Commissioner of Environmental Conservation (6 NYCRR 635.5 [d]). Petitioners thereafter timely initiated this article 78 proceeding seeking a judgment declaring the regulation invalid and directing respondents to reimburse petitioners for the fringe benefits expended during the period in question. Upon consideration

of respondents' motion to dismiss made prior to service of an answer, Special Term dismissed the petition for failure to state a cause of action on which relief can be granted. This appeal ensued. The issue to be decided is one of statutory interpretation. A brief review of the statutes involved is, therefore, required. In 1970, the New York State Legislature enacted the Environmental Conservation Law (L 1970, ch 140, § 2). The law included a provision which was to eventually become the present ECL 3-0117 (subd 1) (L 1970, ch 140, § 2 [Environmental Conservation Law, § 79]). ECL 3-0117 (subd 1) reads as follows: "Activities of local health boards, departments and officers and other local government agencies pertaining to functions, powers and duties which were transferred pursuant to chapter 140 of the Laws of 1970, from the Department and Commissioner of Health to the Department and Commissioner of Environmental Conservation *shall be eligible for aid under the provisions of titles 1, 2 and 3 of article 6 of the Public Health Law to the same extent such activities were eligible for such aid if conducted immediately prior to the effective date of chapter 140 of the Laws of 1970.*" (Emphasis added.) Immediately prior to the effective date of chapter 140 of the Laws of 1970, subdivision 1 of section 601 of the Public Health Law, which was incorporated by reference into the Environmental Conservation Law, provided: "The appropriations made or to be made for the purposes of carrying out the provisions of this article shall be available, in accordance with certificates of approval issued or to be issued by the director of the budget, to the commissioner for the payment of *expenses of personal service* and other maintenance and operation, including purchase of equipment and the purchase of automobiles and for travel outside the state, necessary for the administration of this article." (Emphasis added.) The Commissioners of Health and Environmental Conservation, respectively, issued regulations interpreting subdivision 1 of section 601 of the Public Health Law and ECL 3-0117 to exclude State reimbursement for fringe benefits (10 NYCRR 40.11 *[l];* 6 NYCRR 635.5 [d]). The Public Health regulation was challenged in *Erie County v Whalen* (57 AD2d 281, affd 44 NY2d 817). The court struck down the regulation, finding it in conflict with the clear legislative intent expressed by the plain language of subdivision 1 of section 601 of the Public Health Law to reimburse municipalities for fringe benefit expenditures. The companion regulation promulgated pursuant to ECL 3-0117 has never been challenged until now. In response to the decision of *Erie County v Whalen (supra),* the Legislature amended subdivision 1 of section 601 of the Public Health Law in 1979 (L 1979, ch 313, § 1, eff June 28, 1979, retroactive to Jan. 1, 1979) to exclude costs for fringe benefits from reimbursement by the State. There should be a reversal. Special Term erroneously found that the 1979 amendment of subdivision 1 of section 601 of the Public Health Law applied to ECL 3-0117 (subd 1), and that it removed the effect of the judicial decision interpreting the phrase "expenses of personal services" to include fringe benefits (see *Erie County v Whalen, supra).* The 1979 amendment of subdivision 1 of section 601 of the Public Health Law is inapplicable to the Environmental Conservation Law. It is a generally accepted rule of statutory construction that an independent statute absorbing or incorporating by proper reference the provisions of another statute will not be affected by amendments made to the latter after incorporation *(American Bank v Goss,* 236 NY 488, 493). In such cases, the ultimate consideration is one of legislative intent *(O'Flynn v Village of East Rochester,* 292 NY 156, 161-162, cert den 323 US 713). Section 87 of the original Environmental Conservation Law (L 1970, ch 140, § 2) and the legislative memorandum accompanying the passage of said section (Legislative Memorandum, 1970 McKinney's Ses-

sion Laws, p 2843) indicate that in 1970 the Legislature intended to incorporate certain existing statutes into the Environmental Conservation Law to effect an orderly transfer of powers and functions. Once such functions were transferred, the Environmental Conservation Law was intended to exist independently under the control of the Department of Environmental Conservation. Additionally, the legislative history of the 1979 Public Health Law amendment indicates an intent to treat the Public Health Law and the Environmental Conservation Law separately, as is evidenced by the following excerpt from the Assembly debate concerning its passage: "Mr. Tallon: * * * Mr. Riford, I was not involved in the original passage. My understanding from the research I did previously on this is that it was not the intent — there was specific intent in the Mental Hygiene Law not Public Health Law. *Different programs of State government are treated differently. En Con is treated one way, Public Health is treated another,* and in the Public Health I did not believe there was any explicit legislative intent to do that (1979 Assembly Transcripts, p. 10,425)." (Emphasis added.) Respondents' arguments that a contrary result should be reached are unpersuasive. In view of the foregoing, it naturally follows that the Environmental Conservation Commissioner's regulation excluding fringe benefits (6 NYCRR 635.5 [d]) is without authority in law and is, therefore, invalid. The Public Health Law (§ 601, subd 1) as it existed in 1970 and was interpreted by *Erie County v Whalen (supra),* did not give the Commissioner of Health authority to issue a regulation excluding fringe benefits from the State plan of reimbursement. Likewise, the Commissioner of Environmental Conservation had no such authority. The judgment of dismissal should be reversed and the petition reinstated; respondents should be allowed a reasonable time to answer and the matter should be remitted to Special Term for further proceedings. Judgment reversed, on the law, without costs; petition reinstated and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.