■ In the Matter of COUNTY OF ERIE et al., Appellants, v HENRY WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered November 27, 1984 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking, *inter alia,* that respondents be directed to recalculate petitioners' State aid reimbursement rate for the period of April 1, 1983 through March 31, 1984.

Each year the Department of Environmental Conservation (DEC) reimburses local governments for a portion of their costs in maintaining local environmental programs (ECL 3-0117). The actual rate of reimbursement is determined pursuant to regulations promulgated by respondent Commissioner of Environmental Conservation (6 NYCRR part 635). In March 1981, this court held that a Commissioner's regulation which excluded fringe benefits paid upon compensation for personal services rendered in local environmental programs (6 NYCRR 635.5 [d]) was invalid *(Matter of County of Erie v Flacke,* 80 AD2d 954). In pursuance of the order of remittal in that case, Special Term (Cholakis, J.), on February 18, 1983, ordered that petitioners' claims for reimbursement of fringe benefits paid to their employees from January 1, 1979 through December 31, 1982 be honored at the State-aid percentage rates paid during said period. Thereafter, on March 31, 1983, the Legislature enacted a budget bill for State aid in connection with local environmental conservation and health programs (L 1983, ch 53, § 1) which provided, in relevant part, as follows:

"State aid to municipalities for operation of local health and environmental programs, pursuant to article 6 of the public health law, for local environmental conservation activities except that notwithstanding any other provision of law, the appropriation for operation of local health and environmental programs and operation of laboratories will be used first to liquidate any settlements with cities or counties for prior years claims for fringe benefits pursuant to a recent court decision. The appropriation balance will then be apportioned in accordance with regulations to be promulgated by the commissioner of environmental conservation, and approved by the director of the budget, to cities and counties for local health and environmental programs.

"Notwithstanding any other provision of law, the amounts made available shall constitute the complete liquidation of the state's obligation for such purposes under existing statutes * * * 4,000,000."

Contending the use of the words "pursuant to a recent court decision" was indicative of legislative intent that petitioner County of Erie was intended to be the only beneficiary of the bill, petitioners opposed reimbursement payment by DEC to all local governments for fringe benefits during said period regardless of whether such claims had been placed in litigation, and commenced this CPLR article 78 proceeding. Petitioners sought recalculation of their reimbursement rate,* contending that respondents were only authorized to pay reimbursement of the fringe benefits to localities which had secured a valid court order directing that reimbursement be made to them. Special Term's grant of respondents' motion to dismiss the petition has given rise to this appeal.

In *Eaton v New York City Conciliation & Appeals Bd.* (56 NY2d 340, 345), then Associate Judge Wachtler, writing for a unanimous Court of Appeals, said: "Where as here, the statute describes the particular situations to which it is to apply 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' (McKinney's Statutes, § 240; see *Patrolmen's Benevolent Assn. of City of N. Y. v City of New York*, 41 NY2d 205, 209)". *Eaton* thus instructs us that if the Legislature intended reimbursement of fringe benefits to be limited solely to Erie County, it would have said that in simple language. The failure to have done so can only be interpreted as indicative of intent that all municipalities having claims which arose during the specified period of time be reimbursed out of the $4,000,000 appropriated in 1983.

This interpretation is further buttressed by the statutory words, "Notwithstanding any other provision of law, the amounts made available shall constitute the complete liquidation of the state's obligation for such purposes under existing statutes" (L 1983, ch 53, § 1). These words are clear and unambiguous and state that the 1983 appropriation is intended to liquidate *all* claims against the State for reimbursement of fringe benefits paid by municipalities for local health

---

* By reason of payment of claims to all municipalities, the $4,000,000 appropriation was substantially depleted and petitioners' regular reimbursement for 1983-1984 was only about 5% instead of the usual rate in excess of 30%.

and environmental programs with no indication payment was limited solely to Erie County. "It is a fundamental principle of statutory interpretation that a court should attempt to effectuate the intent of the Legislature * * * and where the statutory language is clear and unambiguous, the court should construe the statute to give effect to the plain meaning of the words used" *(Eaton v New York City Conciliation & Appeals Bd., supra,* p 345 [citations omitted]; *see also, Giblin v Nassau County Med. Center,* 61 NY2d 67, 73; *Sega v State of New York,* 60 NY2d 183, 191).

Further support for this holding may be found in the statutory words used in their plural form, i.e., "the appropriation * * * will be used first to liquidate any *settlements* with *cities* or *counties* for prior *years claims* for fringe benefits pursuant to a recent court decision" (L 1983, ch 53, § 1; emphasis supplied). The use of this plural form in both the statute and the Governor's memorandum in support of the bill evidences a clear intent that reimbursement was not intended solely for one county, but rather to all cities or all counties eligible for reimbursement mandated by *Matter of County of Erie v Flacke* (80 AD2d 954, *supra).* The reference to said case was not to limit recovery solely to Erie County, but rather as an acknowledgment by the Legislature that the regulation which had eliminated reimbursement of the particular expense was now invalid.

We find petitioners' further contention that Special Term erred in commenting upon respondents' dispersal of funds to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.