J. Irwin Shapiro, J.
This is an article 78 proceeding to review the decision made by respondent Commissioner of the *417 New York State Department of Social Services which affirmed the action taken by the New York City Department of Social Services and to amend the “ Decision after Fair Hearing ” so as to provide an allowance of $201 per month for mortgage payments.
Petitioner, who is married and has two children, applied for public assistance in August, 1968, after he became disabled as a result of an automobile accident. Petitioner is the owner of a home which was purchased in August, 1967 and which is subject to a mortgage held by the Manhattan Life Insurance Company in the amount of $21,800. He invested approximately $4,500 in improvements in the house and offers to give a second mortgage to the State Department of Social Services. The welfare grant failed to include an allowance in lieu of rent to enable the petitioner to make mortgage payments on his home. As a result, petitioner has been unable to make monthly mortgage payments since August, 1968 and foreclosure proceedings have been commenced by the mortgagee. Petitioner appealed to the State Department of Social Services and was accorded a ‘ ‘ fair hearing ’ ’. Following the statutory hearing, at which evidence was taken, respondent Commissioner affirmed the New York City agency’s determination upon the grounds (1) that pursuant to subdivision (b) of section 80.12 of the Rules of the State Board of Social Welfare (18 NYCRR 80.12 [b]), the agency could not make allowances for mortgage payments in excess of its maximum rent schedule, and (2) that the New York City agency had considered all the factors in regard to conservation of .real property owned by a recipient of public assistance outlined in paragraph (2) of subdivision (d) of section 352.8 of said regulations (18 NYCRR 352.8[d] [2]) and .that its determination was supported by the record and thus could not be considered an abuse of discretion.
In regard to the first reason for respondent’s determination, subdivision (b) of section 80.12 concerns authority for welfare officials to make allowance for mortgage payments in lieu of rent to welfare recipients in cases of need which are other than temporary. In this case the petitioner has been receiving payments for over a year and will continue to do so for several more months, the exact period being unknown. The afore-mentioned section provides: “ a public welfare official may, in his discretion, include in the grants he makes to a recipient of * * * ADC [aid to dependent children] who owns real property which he uses as his home, allowances in lieu of rent to enable such recipient to make payments * * * for mortgage installments, real estate taxes, fire insurance premiums, water charges, *418 sewer rents and assessments, but such allowances shall not exceed the amount that such official would allow under his agency’s rent schedule if the recipient were required to pay rent. ’ ’
Matter of Veit v. Barbaro (59 Misc 2d 117) presented a similar factual situation. There an allowance for mortgage payments was denied for the sole reason that the mortgage payments would exceed the maximum rent schedule. The court held this to be arbitrary and directed payments of arrears and carrying charges so long as they did not exceed the maximum rent allowance.
Kaplan v. Nassau County Dept. of Social Serv. (N. Y. L. J., May 8, 1969, p. 19, col. 4) dealt with a situation under subdivision (a) of section 80.12 of the regulations (18 NYCRR 80.12[a]). It is distinguishable from the instant case since there the need for assistance was temporary and was expected to terminate within three months. That court, however, rejected the argument that the mortgage payments were excessive and directed payment of allowance for mortgage payments ‘ ‘ only to the extent that the limitations of that section will not be exceeded. ’ ’
It is the opinion of this court, in accordance with the aforementioned decisions, that the provisions in subdivision (a) and (b) of section 80.12, which are to the effect .that mortgage and carrying charge allowance may not exceed the maximum rent payment schedule, constitute limitations on the amount of such allowances and do not constitute reasons for denial of any allowance at all for such payments. (See, also, 18 NYCRR. 352.4 [e] [2] [i], [ii].)
Although the first reason put forth by respondent for determination is insufficient as a matter of law to deny any payment, it was not the sole reason given for the determination as was the situation in Matter of Veit v. Barbaro (supra). In the instant case the second reason given for the determination is that after a consideration of all factors outlined in 18 NYCRR 352.8(d) in regard to conservation of nonincome bearing property owned by a welfare recipient, including such factors as: cost of carrying charges as compared with rental, marketability and client’s equity in property, client’s age, health, social situation, including the probable duration of dependency, it was determined not to make allowance to maintain the property.
In an article 78 proceeding this court is limited to deciding whether respondent’s determination was arbitrary or capricious or was affected by error of law. (CPLR 7803, subd. 3 and CPLR 7804, subd. [g].)
*419 The decision whether to make a mortgage payment allowance in a case of other than temporary need is within the discretion of the welfare official. (18 NYCRR 12[b].) Respondent was as a matter of law entitled to consider the factors in 18 NYCRR 352.8(d) (2) in deciding whether to allow conservation of the property. Since the determination was based on these factors, this court cannot say that it was arbitrary or capricious. The court is precluded from deciding whether or not there was substantial evidence presented upon which to base the reasons for the determination. Since there is an issue raised as to whether or not this determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction of law is, on the entire record, supported by substantial evidence (CPLR 7803, subd. 4), the proceeding must be transferred to the Appellate Division of this department for disposition of that issue (CPLR 7804, subd. [g]).