Bertram Harnett, J.
Bene and Virginia Le Grodais own their own home in Levittown where they live with their two children. Their home is subject to a mortgage of $16,400 held by the Grreenpoint Savings Bank and payable in monthly installments of $156 per month prior to April 1, 1959 and $169 per month thereafter. Bene Le Grodais was injured in January of 1969 and will be temporarily incapacitated until late this year. As a result of his injury, the Le Grodais family was forced to go on public assistance which commenced April 1, 1969. During this *989 period of time, they were unable to meet their mortgage payments. The question of mortgage payments was discussed with the Le Godais’ caseworker who allegedly told them that the pay-, ments would be made, but, on July 10, 1969, Mrs. Le Godais received a letter from the Social Services Department stating that it would not pay the mortgage arrears. During this time, the attorneys for the mortgagee had instituted mortgage foreclosure proceedings.
Now that foreclosure of their home is imminent, Mr. and Mrs. Le Godais bring this proceeding in order to obtain a direction to the Commissioner that the mortgage arrears be satisfied and a monthly shelter allowance in the amount of $155 per month be granted until Mr. Le Godais can resume his employment.
The Commissioner contends that the petition ought to be dismissed because (1) the petitioners have failed to exhaust their administrative remedies; (2) he is under no duty to pay carrying charges in excess of the maximum established rate schedule; (3) he has an affirmative duty not to make payments in excess of the established rate schedule; and (4) that the Le Godais family is not entitled to a shelter allowance because they concealed the fact that Mr. Le Godais received workmen’s compensation payments as a result of his injury, and used part of these funds to make payments on the Le Godais automobile.
The 'Commissioner is directed to grant a shelter allowance to prevent the foreclosure of the Le Godais ’ home. The reasoning which compelled the result in Matter of Veit v. Barbaro (59 Misc 2d 117) is dispositive of this proceeding. The court notes that, while subdivision 2 of section 353 of the iSocial Services Law provides for a fair hearing when a person disagrees with the decision of the Commissioner, the petitioners will not be required to exhaust their administrative remedies where the relief sought in such a hearing would come only after the harm sought to be prevented had become a reality (Matter of Veit v. Barbaro, 59 Misc 2d 117, supra; Dailey v. City of New York, 170 App. Div. 267, affd. 218 N. Y. 665; Boston & Main R. R. v. Delaware & Hudson Co., 238 App. Div. 191; Lesron Junior, Inc. v. Feinberg, 13 A D 2d 90.)
The Commissioner’s principal arguments center around the wording of 18 NYCRR 80.12 (a) and 352.4 (e) (2) (i) and (ii) (the last two subsections being the predecessors to the present subsections 352.4 [a] [6] [iv] [a] and [b]). Under rule 80.12 (a), allowances in lieu of rent are required in cases of temporary need. Under the rule, these payments cannot exceed the amount that the recipient would be entitled to under his agency’s rent schedule. Section 352.4(e) (i) stated that, on client-owned prop *990 erty used as a home, carrying charges shall be met “ as paid ” for taxes, interest on mortgage, fire insurances and assessments. Section 352.4 (e) (ii) provided that amortization payments could be paid when they were essential to retain the home of the recipient and the carrying charges did not exceed the maximum of the established rent schedule.
The (Commissioner’s position is that where monthly mortgage payments exceed to any extent at all the amount of the allowances for which the recipient would be eligible under the Commissioner’s rent schedule, the recipient is not eligible for any mortgage payments in lieu of shelter allowances. The court finds this to be arbitrary and unreasonable, and the court grants the relief requested by the petitioners.
The court must note the scarcity of welfare housing in Nassau County, and the public difficulties which this has engendered. A foreclosure of the Le G-odais’ mortgage would cause them to lose their home and be housed at public expense in a hotel or rooming house. The financial costs to the respondent to house them in this manner would doubtless be significantly greater than the mortgage payments requested by the Le Godais. The cost to the strength and the stability of the Le Godais family, oeeassioned by the loss of their home, would be immeasurably greater. (See Social Services Law, § 62, sulbd. 1; Matter of Veit v. Barbaro, 59 Misc 2d 117, supra.)
Under section 352.4 (a) (6) (i), each ¡Social Welfare District shall establish an allowance schedule for rent. The schedule provides for an amount sufficient for people to obtain housing in accordance with standards of public health in the community. This is the sole criterion mandated by the regulations of the State (Social Services Department, except for a requirement that the schedule be filed with the department. The Commissioner has great latitude under this provision and he should not be allowed to plead conclusively the limitations of a schedule which he in the first instance establishes and apparently can modify at will. The very question is the adequacy of his conduct.
In this case the Le Godais family pays $169 in mortgage charges. Their shelter allowance is $155 a month, a $14 monthly difference. It makes no real sense to pay them no shelter allowance because their actual obligation on their own home exceeds a scheduled figure by $14. If the (Commissioner feels $169 is too high a monthly rent allowance, the alternative is the scheduled $155, not zero. There is little danger that this schedule could be abused because rule 80.12 (d) of the Buies of the Board of Social Welfare provides that no allowance be given where the home is not suitable to the recipient’s needs. This permits the *991 ■Commissioner to deny a shelter allowance as a partial subsidy for an overly luxurious home, which is the only conceivable justification for the Commissioner’s position.
The Commissioner has finally alleged that part of the reason that a shelter allowance was denied was that the Le Grodais concealed Mr. Le Grodais’ workmen’s compensation payments from the department and used part of them to make payments on their automobile. Mrs. Le Grodais contends that the department was informed of the workmen’s compensation payments. She further states that payments were continued on the automobile ■because she was in her ninth month of pregnancy and was, in addition, required during this time to chauffeur the ailing Mr. Le Grodais regularly to three different doctors with widely scattered offices. She also states that the car had but four installments left and she was fearful that a default in payment at this time would cause them to lose the substantial equity they held in the car. The Commissioner does not controvert these statements. The court feels that their actions were reasonable under the circumstances and should not be the subject of sanctions.