Bertram Harnett, J.
Notice of civil service promotional examination is important, and must be given properly. This is a case in point.
In June, 1970, the Nassau County Civil Service Commission posted a notice of a competitive examination for the position of captain in the Department of Correction at its office in Mineóla. The qualifications for the test were such that, of the whole world, only four specific lieutenants of the Department of Correction, including Kordal, the petitioner here, were eligible. Only one of those four lieutenants, Lynch, took the test. He passed and was appointed to the rank of captain. In this article 78 proceeding, Kordal claims he did not receive notice of the examination in time to apply for it, and he seeks judicial review of the adequacy of the notice given by the commission.
A defense to this proceeding is raised that it is barred by time limitation, since it was brought on November 25, 1970, four months and seven days from the date the examination was held.
Under the statute: “a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner ” (CPLR 217). Accordingly, the basic article 78 learning is that the period of limitations begins to run when the determination becomes final and binding on the petitioner. (Finkelstein Mem. *782 Lib. v. Central School Dist. No. 2, 28 N Y 2d 705 ; Matter of Central School Dist. No. 2 v. New York State Teachers Retirement System, 27 A D 2d 265.) But when does it become “ final and binding on him ”? Kordal asserts that the determination did not become “ final and binding ” on him until he eventually learned about the examination, some time in September, 1970, only when Lynch first began visibly functioning as a captain. His opponents assert that the date from which the four months is measured is in no event later than the date of the examination, July 18,1970.
In general, the term “ final and binding ” has referred to the date upon which the determination complained of becomes effective as to the petitioner. (See, Matter of O’Neill v. Schechter, 5 N Y 2d 548 ; Matter of Abramson v. Commissioner of Educ., 1 A D 2d 366.) However, where notice of a determination is required to be given directly to parties affected thereby, the applicable period of time does not begin to run until actual receipt of due notice. (People ex rel. New York Cent, & Hudson Riv. R.R. Co. v. Public Serv. Comm., 195 N. Y. 157 ; People ex rel. Lahey v. Woodbury, 102 App. Div. 333 ; Matter of Connaughton v. Taylor, 135 N.Y.S. 2d 3, affd. 285 App. Div. 1169, affd. 1 N Y 2d 864.)
In those cases where a petitioner would be expected to receive notice, but has not, the accepted rule is that the time to institute the proceedings begins to run when he knows or should know that he has been aggrieved by a determination. (See, O’Neill v. Schechter, supra.)
It is apparent in this case that the preliminary Statute of Limitations question is intertwined with the merits of the proceeding. If reasonable notice of the examination was given to petitioner, the statute began to run on the date of the notice, for that is when he should have known of the determination. If, however, the notice given was not adequate, the statute should not begin to run against him because there would be no reason to expect that he would have learned of it, and the delay would be attributable solely to the respondents. It would indeed be a circular travesty to reward a failure of notice with exclusion of a petitioner who could not act timely for the reason that there was no proper notice in the first place.
When a competitive examination is scheduled, the commission is bound to: “ advertise such examination in such manner as the nature of the examination may require ”. (Civil Service Law, § 50, subd. 2.)
There are apparently no other applicable requirements as to the character of the notice which must be afforded. Although *783 the commission, in a memorandum to the court reciting its version of the facts, alludes to its own rules, it omits the applicable quotations. In any event, those rules are not properly before this court. (See, CPLR 4511, subd. [b].) Regardless of the regulatory provisions, however, the commission certainly must act in a reasonable fashion to achieve sufficient compliance with the statute. (See, 1940 Opns. Atty. Gen. 166.)
The examination notice was posted in the commission’s office in Mineóla on June 25, 1970, the date on which the examination was announced. Although the Executive Director of the commission and the Chairman of the commission each testified that the usual procedure of the commission is to send promptly copies of notices to any county department which might be affected, there was no testimony that the notices of this examination were so distributed. Moreover, the commission produced no record of the distribution, nor did it produce any witness with personal knowledge of the event. While there may be a presumption that a notice properly put into the distributive process was received (Matter of Hayes v. Lomenzo, 26 A D 2d 596, affd. 17 N Y 2d 933 ; Aetna Ins. Co. v. Millard, 25 A D 2d 341) there must first be a satisfactory showing that the notice was in fact put into the distributive process. The respondents have failed to make that showing.
The proof also demonstrated that when notices of examinations affecting the Department of Correction are received by that department, they are posted there on a public bulletin board. Several witnesses from the staffs of the commission and the Department of Correction testified that they did not recall sending or receiving the notice of this particular examination. In fact, Lynch, who did see a notice in time to qualify for the examination, testified that he did not recall seeing any notice posted at the Department of Correction, but that he had seen it at the commission’s office in Mineóla after going there once a month since May, 1969. From the proof, it appeared that the Department of Correction failed to receive a notice to post.
In short, the commission knew that the qualifying standards for this examination were such that only four persons, all lieutenants of the Department of Correction, were eligible for the test. Although these four performed their duties at a location in East Meadow, somewhat distant from the commission offices in Mineóla, the commission was able to establish only that notice of the examination was posted on a bulletin board in the Mineóla office. Only one of the four eligible persons saw that notice prior to the examination. Nobody could testify with any clarity that *784 anyone in the Department of Correction other than respondent Lynch had even seen the notice before the examination.
Open competitive examinations are integral to the civil service. The primacy of merit and the derogation of inside advantage are its classic goals. To insure a suitable input of potentially qualified applicants, the law requires such advertisement as the nature of a competitive examination may require. Where only four easily identified and located persons qualify for an examination, a simple posting of a notice on a civil service bulletin board in Mineóla, miles from their working locale, is not reasonable or proper notice. A notice to the four lieutenants at the county jail, or a suitable publication, or at least a posting on the Correction Department bulletin board would have been reasonable.
The position of captain is important and draws necessarily from a small group. It requires commensurate attention. Public notification of government acts by posting or even publication tends to be skimpy, but the exigencies of time and mass communication may require it. Accordingly, the Civil Service Commission is all the more under an obligation to adhere to the notice requirements of the law and its own practice. It must not only act strictly, but also maintain its records and procedures so fastidiously as to minimize even the hint of irregularity which can be so deleterious to the civil service.
Under the circumstances, the court finds the advertisement of this examination by the commission not to have been in compliance with the applicable statutory standard. Petitioner cannot reasonably be expected to have known of the inadequate advertisement in time to institute this proceeding before September, 1970, and the proceeding was timely instituted within two months after that. (Matter of O’Neill v. Schechter, supra,.) The examination held July 18, 1970 for the position of captain in the Department of Correction must be invalidated and the petition is granted, with cosits to petitioner against the respondent commission.