Adbert H. Buschmann, J.
This is an article 78 proceeding by a recipient of aid to dependent children to set aside respondent’s determination, rendered after a statutory hearing, that petitioner was not entitled to a special grant for furniture under section 131-a of the Social Services Law because petitioner’s “ request for furniture was not to establish a home nor to replace furniture lost pursuant to this section ”.
Petitioner, as the sole witness at the hearing, provided the underlying facts in her testimony. In 1967, while living in a 2%-room apartment in Brooklyn with her four children, petitioner made her first request for a furniture grant, which was denied. Upon learning of her relocation in October, 1970 under *985 governmental auspices, to an unfurnished four-room apartment in Jamaica, she unsuccessfully renewed efforts to obtain a furniture grant. She moved with her family to the new apartment with what furniture she had and obtained additional used furniture through friends. Her four children sleep in two beds with deteriorating mattresses and broken frames. The kitchen table seats only two. There is no living room furniture, night tables or dresser for petitioner’s clothes.
In March of 1971 petitioner requested a fair hearing on the October, 1970 denial of her request for a furniture grant but respondent determined the request untimely, since such a request must be made within 60 days of the failure to act complained of. Petitioner again requested the furniture grant and upon denial of the same, requested in timely fashion a hearing, which has led to this proceeding.
Since this is a judicial review after a statutory hearing, if the resolution of this controversy depends not merely on points of law but on whether or not respondent’s determination is supported by substantial evidence, the matter must be transferred to the Appellate Division for resolution. (CPLE 7803, subd. 4; 7804, subd. [8]; Matter of Stallone v. Wyman, 61 Misc 2d 416.) The court must reject petitioner’s contention that no such transfer is necessary because petitioner was the sole witness at the hearing. The factual conclusions which may be drawn from the sole testimony of the petitioner can raise the question of whether a determination is supported by substantial evidence. (Matter of Koppel v. Hults, 20 A D 2d 669.) In this case respondent found that petitioner “ requested a grant for furniture for reason that her children had caused damage to the furniture and that she did not have sufficient furniture in her home for her needs.” Even though, as pointed out by petitioner, there is no testimony that the children damaged the furniture, this court is powerless to determine that respondent’s determination in this regard is unfounded. Nevertheless, the proceeding will not be transferred to the Appellate Division because the question is not dispositive of the controversy. For reasons explained further on, even if petitioner’s children did not damage the furniture, petitioner is not, as a matter of law, entitled to the grant by virtue of section 131-a on the basis of her uncontradicted testimony. (Cf. Matter of Harrington v. Tofany, 59 Misc 2d 197; Matter of Komp v. State Tax Comm., 56 Misc 2d 824.)
Petitioner neither seeks nor is entitled to a grant to replace furniture lost as a result of fire, flood or other like catastrophe. *986 (Social Services Law, § 131-a, subd. 6, par. [a]; Matter of Howard v. Wyman, 28 N Y 2d 434.) Petitioner asserts her claim upon the alternate basis under section 131-a (subd. 6, par. [b]) authorizing such grants for the “ purchase of necessary and essential furniture required for the establishment of a home ”. A grant on this basis is provided when a family residing in a motel or hotel and in need of basic furniture is rehoused in an unfurnished accommodation or under similar circumstances. (18 NYCRR 352.7 [a] [2].) Though as a result of relocation petitioner was housed in larger unfurnished quarters, this did not constitute the establishment of a home within the clear legislative intent of section 131-a. Rather than authorizing grants to assure all recipients of aid to dependent children of basic furniture, the Legislature, under section 131-a, limited such grants to the two instances recited above. (Cf. Matter of Howard v. Wyman, supra.) The plain meaning of “ establishment of a home ” in this context is the initiation of furnished quarters when none existed beforehand. Since petitioner was relocated with her furniture, she was not establishing a home within the meaning of section 131-a.
In cases such as this, it is also appropriate to consider, as respondent should also have done, whether petitioner’s children should be provided emergency assistance under section 350-j (subd. 3) of the Social Services Law to avoid destitution or to provide them with living arrangements in a home. The lack of essentials such as furniture can create destitution so immediate in nature as to require such emergency assistance. (See Matter of Bates v. Wyman, 36 A D 2d 854; cf. Matter of Nazario v. New York City Comr. of Social Servs., 37 A D 2d 630; 18 NYCRR 372.4.) Obviously, the lack of a full complement of furniture— for example, the requested night tables, dressers and living room furniture — does not create such an immediate need in order to avoid potential harm that emergency assistance is required to alleviate a state of destitution. But an adequate table to eat from and a sound bed to sleep in are so essential that their absence constitutes destitution necessitating an immediate remedy to avoid physical and mental harm to the children.
Accordingly, petitioner’s application is granted and respondent’s determination is set aside. The matter is remanded to respondent with the direction that emergency assistance be granted so that petitioner’s children be provided with an eating table with chairs and with adequate beds, as appropriate given their number, age and sex.