Moses M. Weinstein, J.
By this article 78 proceeding, petitioner seeks (1) to set aside respondents’ determinations *22 whereby petitioner was denied public assistance in the form of aid to dependent children and (2) to restore the grant of such aid as previously given, retroactive to the date of its termination.
Petitioner commenced subject proceeding within four months after being notified of the adverse determination of the Commissioner of the New York State Department of Social Services, but more than four months after the commissioner rendered the determination. Nevertheless, this proceeding is not barred by CPLR 217. In that pursuant to 18 NYCRR 358.18 (b) it was required that petitioner be sent a copy of respondent’s decision, the four months’ Statute of Limitations did not begin to run until petitioner received a copy of the decision. (Matter of Kordal v. Niesley, 66 Misc 2d 781.)
Respondent’s determination must be set aside as contrary to the law. (CPLR 7803, subd. 3; 7804, subd. [g]; see, also, Matter of Stallone v. Wynan, 61 Misc 2d 416.) Section 104-a of the Social Services Law is not a basis for respondent’s determination because, among other reasons, the transfer of the property did not affect petitioner’s qualifications as a recipient of the public assistance involved herein. Pursuant to subdivision 1 of section 360 of the Social Services Law, the ownership of real property does not preclude such aid to dependent children. Moreover, in this case, the petitioner could not be required to mortgage the property as a condition for such aid since petitioner was not and never had been owner in whole or part of the property involved. (See Payne v. Sugarman, 31 N Y 2d 845.)
Accordingly, petitioner’s application is granted.
(On motion to resettle judgment)
Respondent Jule M. Sugarman moves to resettle the judgment in order to specify therein the extent of petitioner’s public assistance which respondent was directed by the judgment to retroactively restore to the petitioner.
The issue before the court on petitioner’s application was whether or not the basis provided by respondent for the termination of petitioner’s public assistance was contrary to the law. Though the court determined, within the properly limited scope of its inquiry, that petitioner was qualified for public assistance in the form of aid to dependent children, the court did not specifically determine what payments were retroactively due to the petitioner and, indeed, the issue was not litigated. The court merely directed the resumption of welfare payments to the petitioner retroactively from the date of their termination. Essentially, the question now is whether respondent can either *23 retroactively or prospectively reduce petitioner’s benefits. That question should first be treated within the administrative procedures established for that purpose and, if reviewed at all by this court, such review must be within the perimeters established by CPLR 7803 (subd. 3) and 7804 (subd. [g]). The court cannot circumvent these required procedures by resettling a judgment.
Accordingly, respondent’s motion is denied.