Harold E. Koreman, J.
In this proceeding brought pursuant to article 78 of the CPLR and subdivision (a) of CPLR 1005, petitioner seeks a judgment on her own behalf, on behalf of her infant children, and on behalf of all other persons similarly situated: (1) annulling the decision of respondent Lavine rendered after a fair hearing-; (2) declaring that petitioner is *658 entitled to a grant of a furniture allowance pursuant to sections 131-a and 350-j of the Social .Services Law and 18 NYCRR 352.7 and 18 NYCRR Part 372; (3) ordering respondent Fahey to issue a furniture grant to petitioner pursuant to 18 NYCRR 352.7 (a); (4) declaring that this proceeding is properly a class' action; (5) enjoining respondents from, limiting the availability of an allowance to purchase necessary and essential furniture to establish a home to only the four circumstances set forth in 18 NYCRR 352.7 (a) (2), and declaring unlawful the policy and practice of respondents limiting the availability of such allowance to the stated four circumstances or categories; (6) ordering respondents to accept and consider all applications for furniture allowances to establish a home, and to determine whether gr not an applicant is in need of assistance for the purchase of necessary and essential furniture required for the establishment of a home without regard to the limitations of 18 NYCRR 352.7 (a) (2); (7) declaring unlawful respondents’ related policies and practices, and enjoining respondents from taking certain actions and ordering them to take certain actions, as they bear on the administration of grants in aid to families with dependent children (ADC). Respondents have filed answers, containing affirmative defenses and objections in point of law, contending that petitioner is not entitled to a grant for the purchase of furniture; that neither section 131-a of the Social Services Law and 18 NYCRR 352.7 (a) nor section 350-j of the Social Services Law and 18 NYCRR 372 et seq. authorize any such grant for furniture, and that the administration of the statutory provisions and regulations thereunder, together with implementing policies and practices have been properly executed by respondents in conformity with law.
Petitioner, 21 years of age, is the mother of two infant children, two and one-half years and two and one-half weeks of age. She has been a recipient of public assistance since April, 1971, and since November, 1972 resided as a tenant in a furnished apartment at 95 Clinton Avenue, Albany, New York, with her older child. Presently she is residing with her father and family. The premises include three bedrooms, one of which is occupied by petitioner and her two children. Petitioner had made two previous requests for an allowance for furniture which were denied by the local agency. Those denials were affirmed after fair hearings in October, 1971 and March, 1972. No appeal was taken from those denials. When she was expecting her second child petitioner again made a request to the local agency for a furniture allowance which was denied. She *659 appealed and was granted a fair hearing by the State Department of Social Services. Respondent Lavine, by decision dated April 3, 1974, affirmed the determination of the local agency, holding that the requirement to provide for the purchase of necessary and essential furniture for the establishment of a home (18 NYCRR 352.7 [a] [1]) is limited to only the four circumstances set forth in 18 NYCRR 352.7 (a) (2). Since petitioner in this case is not establishing a household and does not fall within any of the four categories, respondent Lavine concluded that the local agency acted properly in denying petitioner’s request for a grant for furniture. However, respondent Lavine found that the record before him established that petitioner’s change of residence is necessary from the apartment in which she lived at 95 Clinton Avenue. Accordingly, he directed the local agency to immediately relocate petitioner to a large furnished apartment.
In addition to the ultimate relief sought by petitioner she also seeks an order directing respondents to immediately authorize and issue ^n emergency assistance grant to avoid destitution of petitioner and her infant children and to provide them immediately with adequate living arrangements in a home. By order dated April 24, 1974, consented to by the attorneys for the respective parties, the Albany County Department of Social Services was directed to make all reasonable efforts by May 3, 1974, the return date of this matter, in accordance with the determination made by respondent Lavine. On May 3 a plenary hearing was commenced to determine the efforts made by the local agency and the results. The court is satisfied that as of the date of the conclusion of the hearing, May 8,1974, reasonable efforts were made by both the local agency and the petitioner to comply with the direction of respondent Lavine. The testimony discloses, inter alia, that one furnished apartment was available and described by petitioner as suitable for her needs except for a stairway characterized by her as potentially dangerous to her children. Another apartment in the process of being remodeled and furnished was located by the local agency. It appears from the testimony that if the remodeling is carried out in accordance with the expressed intentions of the landlord, it would meet the needs of petitioner and her children.
Respondent Lavine determined that petitioner is not establishing a home and does not fall within any of the four categories set forth in section 352.7 (subd. [a], par. [2]) of the Regulations of the State Department of Social Services (18 NYCRR [a] [2]). Section 131-a (subd. 6, par. [b]) of the Social Services *660 Law authorizes grants for the ‘ ‘ purchase of necessary and essential furniture required for the establishment of a home for persons in need of public assistance, provided provision therefor cannot otherwise be made.” It is clear that under the facts of this case petitioner does not come within the aforesaid provision of the Social Services Law, nor under any of the circumstances in 18 NYCRR 352.7 (a) (2) enacted for the purpose of carrying out the intent of the statute. Rather than authorizing grants to assure all recipients of aid to dependent children of basic furniture, the Legislature limited the availability of such grants, and petitioner is not entitled, as a matter of law, to the grant by virtue of section 131-a of the Social Services Law on the basis of the uncontradicted facts. (Matter of Davis v. Lavine, 76 Misc 2d 984, affd. 40 A D 2d 1081; Matter of Nazario v. New York City Comr. of Social Servs., 37 A D 2d 630.) Although previously stated, it should again be noted that respondent Lavine in holding that the local agency acted properly in denying petitioner’s request for a grant for furniture, also directed that it take appropriate action to relocate petitioner in a large furnished apartment. In view of the legislative history which led to the establishment of a system of flat grants to eliminate previous inequities in the treatment of recipients of public assistance, there is no valid basis for interfering with the construction given the pertinent statute and regulation by the officers and agency charged with its administration. (See statement of legislative findings and purpose of L. 1969, ch. 184, § 1; Udall v. Tollman, 380 U. S. 1, 16; Matter of Agosto v. Wyman, 35 A D 2d 1080; Matter of Howard v. Wyman, 36 A D 2d 713, dissenting opn. [McGivern, J.].) In reviewing the determination of the Commissioner of the State Department of Social Services wherein he concluded that petitioner was not entitled to replacement of necessary furniture and clothing pursuant to subdivision 6 of section 131-a of ¡the Social Services Law, it was held that this was the construction intended by the department in drafting the regulation implementing ¡the statute. Statutory construction is for the courts, but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court is limited, and the administrative determination is to be accepted if it has warrant in the record and a reasonable basis in law. The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body. A change in the commissioner’s construction of the statute, if there is to be one, must be *661 accomplished by legislative amendment. (Matter of Howard v. Wyman, 28 N Y 2d 434 and cases cited therein.) On the record before the court, it cannot be said that respondents acted arbitrarily, capriciously or contrary to law in denying petitioner’s request for a grant for the purchase of necessary and essential furniture for the establishment of a home pursuant to section 131-a of the Social Services Law, and the departmental regulations pertinent thereto.
Turning now to the question of whether or not petitioner and all other persons similarly situated are entitled, as a matter of law, to emergency assistance pursuant to section 350-j of. the Social Services Law, and the Regulations of the State Department of Social Services enacted pursuant thereto (18 NYCRR 372.2), the court concludes that they are not so entitled. Subdivision 3 of section 350-j of the Social Services Law provides that: 1 ‘ Emergency assistance to needy families with children shall be provided in accordance with the regulations of the department for children who are without available resources, and when such assistance is necessary to avoid destitution or to provide them with living arrangements in a home, and such destitution or such need did not arise because such children or relatives refused without good cause to accept employment or training for employment.” The facts and the record before the court do not establish an emergency situation within the clear meaning of the statute. Section 350-j was enacted to apply to a sudden and unexplained emergency event. It was not designed to remedy a situation such as exists here, but for an emergency or catastrophe that suddenly affects the family or individuals involved. To hold otherwise, “ would violate the concept of semimonthly flat grants to welfare recipients and inundate the Department of Social Services with requests for additional assistance to meet the everyday needs for which the vast population, also on fixed incomes, have learned to budget and expect. ’ ’ (Matter of Baumes v. Lavine, 44 A D 2d 336, 337.) While petitioner and her infant children may presently be residing in uncomfortable quarters with her family it cannot be said that it is a condition or circumstance requiring assistance to avoid destitution or to provide living arrangements in a home under the provisions of subdivision 3 of section 350-j of ¡the Social Services Law. (Matter of Baumes v. Lavine, supra.) In this regard it should again be noted that respondent Lavine has directed the local agency to relocate petitioner to a larger furnished apartment, and the local agency is still required to continue its efforts to that end. The determinations of respon *662 dents sought to be annulled have warrant in law, are neither arbitrary nor capricious, and should be upheld. (Matter of Howard v. Wyman, 28 N Y 2d 434, supra.)
In view of the foregoing the petition must be dismissed.