OPINION OF THE COURT
Edwin Kassoff, J.
In this CPLR article 78 proceeding, petitioner seeks to compel respondents to provide her with the aggregate amount of mortgage arrears she owes in order to avoid the foreclosure and sale of her home. She also seeks late fee charges and legal fees.
*856 In May, 1969, petitioner and her husband purchased a one-family home with a mortgage insured by the Veterans Administration. Subsequently, the couple became separated and the petitioner left the premises. Her husband lived in the house until November, 1977, when petitioner reoccupied the premises with her four minor children. When she resumed occupancy, she was informed by the mortgagee that the mortgage was five months in arrears. Since December, 1977, petitioner has been receiving a shelter allowance from the Department of Social Services to satisfy only current mortgage payments for her house. Petitioner has met her mortgage payments for each month she has been in possession, but each payment has been applied toward arrears, with the result that petitioner’s account always shows that five months are still outstanding.
On or about January 4, 1978, petitioner applied for a special grant from the Department of Social Services to pay the arrears. The said grant was refused. The petitioner’s mortgage payments have been $242 per month. Her shelter allowance from the Department of Social Services is $226 per month. The balance of $26 is paid out of her own personal resources. Her current mortgage payments have increased to $304 per month. This is the result of her inability to secure her own fire insurance and, as a result, the mortgagee secured it for her at a higher rate. The mortgagee also simultaneously added an escrow shortage charge. Both of these items, the fire insurance and the escrow shortage charge, are adjustable. Petitioner’s adult daughter, Dawn Ali, a physical therapist, who is not a part of the household herein, on the record agreed to pay $100 per month to assist her mother with her payments. Mr. Rhue, a friend of the family, on the record agreed to pay $220 per month to the petitioner to help her with her monthly payments. Upon commencement of the foreclosure proceedings, the mortgagee refused to accept further payments with the result that as of August, 1979 petitioner’s account is in arrears for a total of approximately 15 months. Petitioner has in her possession $2,246 of shelter allowance money which the mortgagee refused to accept.
Petitioner alleges that, in the face of imminent foreclosure, a county social services district must pay a public assistance recipient’s mortgage amortization charges to the extent of its applicable maximum rent allowance. (Matter of Le Godais v Barbaro, 60 Misc 2d 988; Matter of Veit v Barbaro, 59 Misc 2d 117.)
*857 Respondents argue that petitioner now is approximately $6,000 in arrears, including late charges and legal fees, and if the department were to advance the substantial arrearages and prospective requirements in excess of the shelter grant allowed, these amounts would have to be recouped. Moreover, they allege that there is no indication that petitioner would have the resources to pay the future shelter payments above the maximum grant now due her. Respondents further argue that it would be practical, preferable and feasible for the petitioner to find other housing closer to the maximum shelter payments.
The court has carefully reviewed all of the evidence presented and has studied the cases cited by the petitioner and finds that there are no cases directly in point on the question of whether respondents should be required to pay mortgage arrears that existed for a period of five months prior to petitioner’s receiving public assistance.
In the leading New York cases, Matter of Veit v Barbaro (supra) and Le Godais v Barbaro (supra), the court ordered the Department of Social Services to pay arrears incurred while the petitioners were receiving assistance where foreclosure was imminent. The courts also set forth the general rule that the Department of Social Services cannot refuse to grant a shelter allowance on the ground that the mortgage payments exceed the maximum rent schedule. (See, also, Matter of Stallone v Wyman, (61 Misc 2d 416.)
The case of Matter of Veit v Barbaro (59 Misc 2d 117, supra) is the closest authority in point. The Veits began receiving assistance in August, 1968. Their home was subject to a first mortgage of $149.03 and a second mortgage of $26.26. The department refused to grant the Veits a shelter allowance because their monthly mortgage payments of $175.29 exceeded the $160 maximum monthly shelter allowance for a family of five. The court in its decision noted that the Veits’ father paid the mortgage for the months of July and August and agreed to pay the second mortgage each month thereafter. The court also took notice (p 121) of the fact that the financial cost of the respondent to house the Veits would probably exceed the amount requested by the Veits and that "[t]he cost to the strength and stability of the Veit family occasioned by the loss of their home doubtless would be immensely greater”. While the court granted judgment to the Veits on condition that the father continue to pay the second *858 mortgage, the same court, in the later case of Matter of Le Godais v Barbaro (60 Misc 2d 988, supra), held that such a guarantee was not required.
The court finds similar equities to be in favor of the petitioner in this case. Petitioner has paid the mortgage for each month since she has been in possession. If the Department of Social Services had paid the arrears initially, there would not have been a pending foreclosure proceeding. The court is cognizant of the fact that petitioner’s adult daughter and a friend of the family have agreed to assist the petitioner in meeting her monthly payments and that petitioner, who is raising four minor children, has lived in the premises for nearly 11 years.
The court finds that under the circumstances of this case respondents acted arbitrarily in refusing to pay the petitioner’s mortgage arrears. Accordingly, the court directs the respondents to make payments for the total amount of mortgage arrears to date, together with late charges and legal fees, to the lending institution on condition that said lending institution agrees not to foreclose, and that petitioner returns to the department the $2,246 shelter allowance money which she has in her possession. Respondents are further directed to reinstate monthly shelter allowance payments to the petitioner.