## (July 25, 1983)

■ RAYMOND BIGAR et al., Respondents, v BEN HELLER et al., Appellants, et al., Defendants. — In an action, *inter alia,* for a declaratory judgment, to declare invalid a tidal wetlands permit issued to defendant Ben Heller by the New York State Department of Environmental Conservation, defendants Ben Heller and Kelsey Marechal appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), dated February 4, 1982, as denied their motion to dismiss the complaint as against them as time barred pursuant to ECL 25-0404. Order affirmed, insofar as appealed from, with costs. Special Term properly concluded that the 30-day Statute of Limitations in ECL 25-0404 was tolled owing to the failure of the New York State Department of Environmental Conservation (hereinafter DEC) to comply with the notice requirements in ECL 25-0403 (subd 4). That provision requires the Commissioner of Environmental Conservation to send a copy of the order, stating the findings and reasons for granting a permit under the Tidal Wetlands Act (ECL art 25) to the chief administrative officer of each

municipality in which the wetland is located and to cause a notice of such an order to be published in at least two newspapers of general circulation serving the affected communities (see, also, 6 NYCRR 661.19). Therefore the DEC action granting the permit did not become final and binding as against plaintiffs so as to start the running of the Statute of Limitations (see CPLR 217). Statutory notice requirements which trigger the running of a Statute of Limitations for a proceeding challenging the determination of a body or officer should be strictly construed (see *Pagliaroli v Zoning Bd. of Appeals of Vil. of Phoenix,* 66 AD2d 997; *Atiyeh v Village of North Hills,* 91 Misc 2d 365; *Matter of Ridgel v Lavine,* 77 Misc 2d 21). This is especially true in the instant case where the Statute of Limitations is short and there are parties affected, e.g., the municipality and property owners in the vicinity of the tidal wetland, who would not be informed of a decision to grant a tidal wetlands permit if the statutory notice requirements were not carried out. We believe that the notice requirements contained in ECL article 25, applicable to all tidal wetlands permits regardless of whether they are for projects designated by DEC as "minor" pursuant to ECL 70-0105 (subd 3), are not inconsistent with the regulations promulgated by the DEC pursuant to ECL article 70 (6 NYCRR part 621). Provisions in those regulations streamline the processing of permit applications for projects designated by the DEC as "minor", by eliminating time-consuming notice and public hearing requirements from the application review procedures (see 6 NYCRR 621.3 [c] [2]; 621.6 [d]; 621.7; 621.9 [a] [1]). The regulations are silent, however, on the issue of notice requirements to parties other than the permit applicant when a permit for a project designated as either "major" or "minor" is granted or denied (see 6 NYCRR 621.9 [a]). In view of the strong policy considerations favoring notice to the affected municipality and members of the public that a tidal wetlands permit has been granted, any ambiguity created by the DEC regulations as to whether the public notice requirements in ECL article 25 apply to minor projects should be resolved against the DEC (cf. *Mundy v Nassau County Civ. Serv. Comm.,* 44 NY2d 352; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126). In a situation in which a party would be expected to receive notice of the determination of a public agency pursuant to statutory requirements, but has not, the applicable Statute of Limitations begins to run "when he knows or should know that he has been aggrieved by a determination" (*Matter of Kordal v Niesley,* 66 Misc 2d 781, 782; see, also, *Matter of Martin v Ronan,* 44 NY2d 374; *Mundy v Nassau County Civ. Serv. Comm., supra; Matter of O'Neill v Schechter,* 5 NY2d 548). Therefore, Special Term properly concluded that the 30-day period of limitation applicable to this action began to run when plaintiffs acquired actual notice that the DEC issued a tidal wetlands permit for the property in question. Special Term was also correct in finding that this action was timely commenced by plaintiffs during the first week of September, 1981, as they first became aware of the tidal wetlands permit issued to defendant Heller on August 7, 1981, when their counsel discovered the permit in the DEC regional office. In making the determination that this action was timely commenced, we need not reach the issue of the propriety of the distinctions made by the DEC between "major" and "minor projects", nor whether the agency correctly determined that the proposed construction of a single-family home by defendant Heller was a "minor project". Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.