■ In the Matter of KEITH S. GOLDSTEIN, Appellant, v NIAGARA FALLS MEMORIAL MEDICAL CENTER et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Petitioner conceded during oral argument that respondent Dyster was not served with the notice of petition and petition within the four-month Statute of Limitations (CPLR 217). Accordingly, we affirm that part of the order dismissing the petition against Dyster.

Special Term erred, however, by dismissing the petition against respondent Medical Center upon the ground that the statutory period commenced running on September 23, 1986, when petitioner's counsel received oral notification of the Board of Trustees' determination. An administrative determination becomes final and binding when a party receives notice of the decision (Matter of Edmead v McGuire, 67 NY2d 714). Where a person is entitled to written notice, the statutory period of limitations does not begin to run until notice is received in that form (see, Matter of Kaufman v Anker, 66 AD2d 851; Matter of Ridgel v Lavine, 77 Misc 2d 21, affd 43 AD2d 831; Matter of Kordal v Niesley, 66 Misc 2d 781). Moreover, where petitioner is represented by counsel, the statutory period does not begin to run until counsel receives the required notice (Matter of Bianca v Frank, 43 NY2d 168; Matter of Hammer v Suffolk County Dept. of Labor, 51 AD2d 549). In the subject case, the statutory period began to run on September 30, 1986, when petitioner's counsel received written notice. The proceeding was commenced timely against the Medical Center, and we modify the order to deny its motion to

dismiss. (Appeal from judgment of Supreme Court, Niagara County, Rossetti, J.—art 78.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.