OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, for an order dismissing the petition pursuant to CPLR 3211 (a) (8) is granted.
Pursuant to the parties’ agreement the hearing to determine the issue of jurisdiction ordered pursuant to this court’s order dated September 5, 1990 has been rendered unnecessary as the parties have stipulated to the relevant facts and submitted the issue for a determination on a question of law.
The petitioners, Henry Weismann and Frank Flynn, com *684 menced this CPLR article 78 proceeding to challenge the issuance of a tidal wetlands permit by the respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, to allow Young’s Boatyard and Marina to expand its facility. The permit was issued on November 8, 1989. The notice of petition and petition were served upon an Assistant Attorney-General on December 8, 1990. The respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, was served on January 30, 1990.
The parties do not dispute the applicability of CPLR 307 (2) and 7804 (c), which in combination, require that the respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, as "an adverse party” had to be served in addition to the Attorney-General. Moreover, the parties are apparently in agreement that to timely commence the action the plaintiffs, Henry Weismann and Frank Flynn, had to serve both the Attorney-General and the respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, before the expiration of the Statute of Limitations. Further, the parties agree that the applicable period of limitations is that established by ECL 25-0404.
What is in dispute is the proper construction of that section.
ECL 25-0404 provides, in part, that "[a]ny person aggrieved by the issuance, denial, suspension, or revocation of a permit may within thirty days from the date of the commissioner’s order seek judicial review pursuant to article seventy-eight of the civil practice law and rules”.
The key fact giving rise to the current dispute is that notwithstanding the issuance of the subject permit on November 8, 1989 it does not appear that the Commissioner even issued an order authorizing the permit.
Prior to a 1986 amendment repealing subdivision (4) of ECL 25-0403 the order referred to in ECL 25-0404 was clearly identified. That former subdivision required the order to state findings and reasons justifying it and included detailed requirements for its service, and the failure of the Department of Environmental Conservation to comply with the notice requirements resulted in a tolling of the Statute of Limitations. (Bigar v Heller, 96 AD2d 567.)
The detailed specifications covering the requirements of an order underlying the issuance of a tidal wetlands permit *685 pursuant to ECL article 25 differed from the general uniform procedures established by ECL article 70. ECL 70-0109 (3) (a) provides: “Within the time periods specified in subparagraphs (i) and (ii) of this subdivision and subject to the provisions of subdivisions four, five and six of this section, the department shall make a decision on an application for a permit by mailing the applicant a permit, a permit with conditions or a statement that the permit applied for has been denied.” (Accord, see, ECL 70-0111.)
In his Practice Commentaries discussing the 1986 repeal of subdivision (4) of ECL 25-0403 Professor Philip Weinberg states that now ”[t]he Uniform Procedures Act, ECL art. 70, governs Tidal Wetlands Act permits, together with others issued by the Department.” (Weinberg, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 17 Vi, ECL 25-0403, at 116 [1991 Pocket Part].)
The fact that subdivision (4) of ECL 25-0403 has been repealed, coupled with Professor Philip Weinberg’s construction of the impact of that repeal suggest that the reference to the Commissioner’s “order” which remains in ECL 25-0404 is the consequence of a legislative oversight since the reference to the “order” therein seems to have been predicated on the former requirement of an order as established in the now repealed subdivision (4) of ECL 25-0403. The applicable rule of construction seems to be that ”[w]here one section of a statute * * * attaches itself to another section thereof, a subsequent amendment of the adopted section must be read into the section that made the adoption”. (People v Solomon, 296 NY 220, 222, citing American Bank v Goss, 236 NY 488.)
Accordingly, it is the court’s conclusion that the 30-day Statute of Limitations for which ECL 25-0404 provides began to run upon the issuance of the subject permit on November 8, 1989, thus rendering service upon the respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation, on January 30, 1990 untimely.
For this reason the court finds that personal service was not timely made in accordance with CPLR 307 (2) prior to service of the respondent, Thomas C. Jorling, Commissioner, New York State Department of Environmental Conservation’s motion to dismiss for lack of jurisdiction and, therefore, the motion to dismiss pursuant to CPLR 3211 (a) (8) (which is made pursuant to CPLR 7804 [f]) is granted.