■ 90-92 WADSWORTH AVENUE TENANTS ASSOCIATION et al., Respondents, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Appellants, et al., Respondents. [643 NYS2d 62] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 18, 1993, which, to the extent appealed from, denied respondents' cross-motion to dismiss the branch of the petition which challenged the issuance of the Article VIII-A loan, is unanimously reversed, on the law and the facts, without costs, the cross-motion is granted and the challenged claim is dismissed.

We find that that branch of the instant CPLR article 78 petition challenging the Department of Housing Preservation and Development's ("HPD") approval of an article 8A rehabilitation loan to be untimely and barred by the Statute of Limitations.

CPLR 217 (1) provides, in pertinent part, that: "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". A determination becomes "final and binding" when the aggrieved party receives notice of the determination (Matter of New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165; Matter of Village of Westbury v Department of Transp., 75 NY2d 62, 72).

In those situations where a party is entitled to written notice, the statutory period of limitations does not begin to run until notice is received in that form (Matter of Goldstein v Niagara Falls Mem. Med. Ctr., 143 AD2d 515; Matter of Kaufman v Anker, 66 AD2d 851). In circumstances where a party would expect to receive notification of a determination, but has not, the Statute of Limitations begins to run when the party knows,

or should have known, that it was aggrieved by the determination (*see, Matter of O'Neill v Schechter*, 5 NY2d 548; *Bigar v Heller*, 96 AD2d 567; *Matter of Kordal v Niesley*, 66 Misc 2d 781; 5 NY Jur 2d, Article 78 and Related Proceedings, § 131).

In the matter before us, petitioners received a letter from HPD, dated February 28, 1991, which, *inter alia*, outlined the improvements to be made, the amount of the loan, and the amount of money allotted to each portion of the rehabilitation. The letter also states:

"If you have any comments concerning the proposal, please write to HPD * * *. We will consider all written comments postmarked by no later than 28 days after the mailing of this letter before proceeding with the rehabilitation and confirming rent increases * * *

"If this proposal significantly changes, we will send you another letter. *If not, you may assume the rehabilitation will commence after the loan closing has taken place*" (emphasis added).

There is some dispute between the parties as to whether petitioners sent their comments within the 28-day period, although we find this dispute irrelevant. The subject loan closed on March 28, 1991. Petitioners claimed that they did not learn of the loan closing until on or about August 24, 1992, and thereafter commenced the instant proceeding on or about December 23, 1992.

It is clear from HPD's letter that *absent* further notice after the expiration of the 28-day period, the loan closing and rehabilitation would proceed. There is no ambiguity as to this notice. Given the foregoing, it is unreasonable for petitioners to now claim that it took them 16 months, after being placed on notice, to ascertain that the loan closed, especially in view of HPD's explicit warning and the construction work going on throughout their building and all around their apartments. Indeed, HPD's letter dated August 20, 1992, which the petitioners maintain is the first notice they received of the loan closing, sets forth a list of the extensive repairs which were completed outside the building and in its common areas, as well as in individual apartments.

Further, HPD complied with all the notice requirements to petitioners and was under no statutory obligation to send petitioners another notice informing them that the loan had closed. We, therefore, conclude that petitioners knew or should have known that the loan closed well before the passage of almost one and one-half years (*see, Matter of O'Neill v Schechter, supra; Bigar v Heller, supra*). In any event, the

petitioners, who were represented by counsel, were guilty of laches in failing to conduct any further inquiry given HPD's letter and the ongoing construction which should have placed them on notice that the loan had closed. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ. [As amended by unpublished order entered Mar. 20, 1997.]