Lahtinen, J.
Appeal from a judgment of the Supreme Court (Devine, J.), entered September 26, 2012 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
Petitioner is a not-for-profit corporation that reportedly had provided ambulance services throughout Schoharie County for many years. Upon realizing that its service certificate designated its geographic territory as only the Town of Richmondville, petitioner submitted an application pursuant to Public Health Law §§ 3003 (5) and 3008 (1) to the Adirondack-Appalachian Regional Emergency Medical Services Council (hereinafter Regional Council) seeking to amend its service certificate to include a larger geographic service area. At a public meeting attended by two representatives of petitioner, the Regional Council voted to deny petitioner’s application on January 19, 2012. On March 16, 2012, petitioner’s counsel demanded that written notice be provided by the Regional Council of its determination. By letter dated March 20, 2012, the Regional Council provided written notice and enclosed minutes from the January 2012 meeting.
On April 13, 2012, petitioner appealed the Regional Council’s determination to respondent State Emergency Medical Services Council (hereinafter State Council) of respondent Department of Health. The State Council, citing to Public Health Law § 3008 (5), responded that it was unable to accept the appeal since it had not been received within 30 days of the Regional Council’s January 19, 2012 determination. Petitioner commenced this proceeding seeking, among other things, to annul the State Council’s determination that its administrative appeal was untimely. Respondents moved to dismiss and Supreme Court granted their motion. Petitioner appeals.
Petitioner contends that the time for making its administrative appeal did not commence until March 2012, when it received the Regional Council’s written notice of its January 2012 determination. Public Health Law § 3008 (5) requires that an appeal be taken within 30 days of when a regional council makes its determination, and there is no statutory requirement that the determination be in writing (see Public Health Law § 3008 [4]; compare Public Health Law § 3008 [1] [requiring application to be in writing]). The Department had established a “framework” for the application process in a policy statement (No. 06-06), which stated that a regional council “shall provide written notice of its determination to the applicant within seven (7) business days.” Generally, an agency’s policy statement has *1100 limited legal effect (see State Administrative Procedure Act § 102 [2] [b] [iv]; see generally Christensen v Harris County, 529 US 576, 587 [2000]).
Petitioner relies upon precedent in the analogous area of law involving finality of an administrative determination for purposes of CPLR article 78 review. In such context, when a party is entitled to written notice, the time limitation typically starts with such written notice (see 90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev., 227 AD2d 331, 331 [1996]; Matter of Goldstein v Niagara Falls Mem. Med. Ctr., 143 AD2d 515, 515 [1988]). However, the time limitation may start “where a party would expect to receive notification of a determination, but has not, [and] . . . the party knows, or should have known, that it was aggrieved by the determination” (90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev., 227 AD2d at 331-332). In addition, we have held that “oral notification is sufficient to commence the running of the statute of limitations when the determination is unambiguous and its effect certain” (Matter of Novillo v Board of Educ. of Madison Cent. School Dist., 17 AD3d 907, 909 [2005], lv denied 5 NY3d 714 [2005] [internal quotation marks and citations omitted]).
Petitioner had two representatives present at the January 19, 2012 meeting. The Regional Council’s determination at that meeting, by a vote of 14 to 0, was unambiguous, final and binding. Although the Regional Council failed to adhere to the Department’s policy statement (No. 06-06) since it did not follow up with prompt written notification to petitioner, the relevant statutory provisions do not require a written determination (see Public Health Law § 3008 [4], [5]). The Department’s policy statement upon which petitioner relies states that the written notification had to be provided within seven days; yet petitioner did not inquire about a written determination for nearly two months. Further, the policy statement included a diagram that made clear that the appeal had to be filed within 30 days of the actual determination (as opposed to the written notification thereof). Under such circumstances, we are unpersuaded that the State Council’s refusal to consider the administrative appeal as untimely was arbitrary or capricious.
Peters, P.J., Rose and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.